**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| MICHAEL PARKER, individually and on behalf of all other similarly-situated, | § § § | |
| Plaintiff | § § | CASE No. 8:21-cv-00740-CEH-AEP |
| v. | § § | |
| STONELEDGE FURNITURE, LLC and SOUTHWESTERN FURNITURE OF WISCONSIN, LLC D/B/A ASHLEY FURNITURE, | § § § § § | |
| Defendants. | | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of the 15th day of September 2021 between plaintiff MICHAEL PARKER ("Michael Parker" or "Plaintiff" or "Class Representative") on behalf of himself individually and on behalf of a putative class of all other similarly situated persons (identified and defined below in Section III.2 as the "Settlement Class"), and STONELEDGE FURNITURE, LLC and SOUTHWESTERN FURNITURE OF WISCONSIN, LLC D/B/A ASHLEY FURNITURE (collectively "Defendants"), who operate Ashley Furniture retail stores in the western United States. The Plaintiff, Defendants, and the Settlement Class to this Agreement are collectively referred to as the "Settling Parties."

## I.
## RECITALS

**WHEREAS**, on March 26, 2021, Plaintiff filed a civil action entitled *Michael Parker v. Stoneledge Furniture, LLC and Southwestern Furniture of Wisconsin, LLC d/b/a Ashley Furniture,* Case No. 8:21-cv-00740-CEH-AEP, on behalf of himself and a class of similarly-

situated persons against Defendants, in the United States District Court for the Middle District of Florida, which is pending before the Honorable Charlene Edwards Honeywell. (the "Lawsuit");

**WHEREAS**, Plaintiff's Class Action Complaint in the Lawsuit alleges that Defendants violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(C), and related regulations in connection with the transmittal of allegedly unsolicited marketing text messages to Plaintiff and members of the Settlement Class without the recipients' prior express invitation or permission;

**WHEREAS**, Defendants deny all allegations of liability and wrongdoing asserted in the Lawsuit and have asserted and/or intend to assert multiple defenses, both affirmative and otherwise, addressed to both the merits of the claims and the propriety of class certification, including but not limited to, established business relationships, equitable estoppel, laches, varying state and federal laws, and various protections provided by the United States Constitution;

**WHEREAS**, without admitting or conceding fault or liability, Defendants have agreed to settle all disputes regarding the alleged communications with the Settlement Class;

**WHEREAS**, the Settling Parties have agreed to define the Settlement Class so as to consist of the owners of the approximately 417,989 unique cell phones to whom approximately 545,050 allegedly violative text messages were sent;

**WHEREAS**, all Settling Parties wish to avoid the expense and uncertainty of continued litigation, and all Settling Parties recognize the uncertainties of the outcome of the Lawsuit and the likelihood that any class certification order and/or final result would be appealed and would require further litigation and expense and that a full trial of this matter would be lengthy and uncertain as to outcome;

**WHEREAS**, Plaintiff and his counsel ("Class Counsel" defined below) have each conducted an extensive investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit to determine how best to serve the interests of the Class Representative and the Settlement Class and believe, in view of the costs, risks, uncertainties as to outcome, and delay of continued litigation balanced against the benefits of settlement to the Settlement Class, that the settlement as provided in this Agreement is in the best interests of the Settlement Class and that the settlement provided in this Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit;

**WHEREAS**, prior to entering into this Agreement, counsel for the Settling Parties strenuously advocated for their respective positions and engaged in extensive arms-length negotiations, including a mediation facilitated by mediator Bruce Friedman, Esq. of JAMS, in efforts to prior to entering into this Agreement in attempt to resolve this matter with a view toward achieving substantial benefits for the Settlement Class while avoiding the cost, delay, and uncertainty of protracted litigation, trial, or post-trial appellate practice;

**WHEREAS**, based on their investigation in the Lawsuit and the experience of Class Counsel, Plaintiff and Class Counsel have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the best interest of the Settling Class;

**WHEREAS**, the Settling Parties desire to compromise and settle all issues and claims that have been brought, or that could have been brought, in the Lawsuit by or on behalf of members of the Settlement Class who do not exclude themselves from the Settlement Class in accordance with this Agreement;

**WHEREAS**, the Settling Parties and their counsel agree that Defendants will provide each Settlement Class who submits a valid Claim Form in accordance with the requirements of,

*inter alia*, Section II.7 herein one of the following at the Settlement Class member's election: (1) $10 in cash for the first text received from Defendants and $7 in cash for the second text received; or, alternatively, (2) a $25 voucher for the first text received from Defendants and a $15 voucher for the second text received, provided that a Settlement Class member may receive a maximum of two vouchers, and the condition that no more than two vouchers can be used on any given transaction. The vouchers shall only be redeemable for purchases on Defendants' website, ashleyfurniture.com. The vouchers will expire no earlier than (18) eighteen months after they are issued to a Settlement Class member, and Defendants have the option at their sole discretion to increase the expiration date of vouchers. The vouchers shall be fully transferable, subject to certain fraud protections and the provision above that no more than two may be used per transaction**;**

**WHEREAS**, the Settling Parties and their counsel agree to recommend approval of this Agreement by the Court, and subject to the Court's approval of this Agreement, Plaintiff and Class Counsel agree to recommend participation in this settlement to members of the Settlement Class;

**WHEREAS**, the Settling Parties agree to undertake their best efforts, including all steps and efforts that may become necessary by order of the Court, to effectuate the terms and purposes of this Agreement, to secure the Court's approval of it, and to oppose any appeals from any orders of final approval;

**WHEREAS**, the Settling Parties desire and intend to seek Court approval of the settlement of the Lawsuit as set forth in this Agreement and, upon Court approval, to seek a final approval order and judgment from the Court dismissing with prejudice the claims of the Settlement Class (the "Final Approval Order");

## II.

## DEFINITIONS

In addition to the terms defined above and in other places in this Agreement, the following terms have the meanings set forth below.

A.       "Claims Administrator" means Kurtzman Carson Consultants LLC ("KCC"), which is an independent, third-party settlement claims administrator associated with administering the settlement, providing notice to the Settlement Class, processing claims, distributing Cash Settlement Payments and/or Voucher Awards, and other activities customarily associated with administering class action settlements.

B.        "Claims Due Date" means the last date which Claim Forms must be post-marked or timely electronically submitted online via the Settlement Website, which shall be set by the Court in the Preliminary Approval Order as on or before ninety (90) days after the Court's entry of the Preliminary Approval Order.

C.       "Claim Form" means the form attached as **Exhibit B** to this Agreement and/or as ultimately approved by the Court.

D.       "Claim Period" means the ninety (90) day time period beginning after the Court's Preliminary Approval Order and ending on the Claims Due Date within which Settlement Class members may submit a claim pursuant to the criteria established in Section III.6 of this Agreement.

E.       "Class Claimants" means the Settlement Class Members who submit a claim hereunder, and who meet the criteria established in this Section III.6 of this Agreement.

F.       "Class Counsel" means Plaintiff's attorneys, Abbas Kazerounian and Mona Amini of Kazerouni Law Group, APC and Kevin J. Cole of KJC Law Group, APC.

G.     "Class Period" means the time period from May 1, 2017 through September 30, 2020.

H.     "Court" means the United States District Court for the Middle District of Florida.

I.     "Effective Date" means the date five (5) calendar days after the date on which both the following are true: (a) the Court has signed the Final Approval Order dismissing with prejudice the claims of all Settlement Class Members (including Plaintiff) except those who properly excluded themselves from the Settlement Class as provided in the Notice and (b) the time for filing an appeal has expired or, if appeals are filed, the date on which the Final Approval Order has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

J.     "Final Approval Hearing" means a hearing set by the Court for the purpose of determining the fairness, reasonableness, and adequacy of this Agreement in accordance with class action procedures and requirements under applicable law(s), including Rule 23 of the Federal Rules of Civil Procedure.

K.     "Final Approval Order" means the order and judgment to by entered by the Court subsequent to the Final Approval Hearing, substantially in the form of the order attached as **Exhibit D**, approving the terms of this Agreement as fair, reasonable, and adequate and in the best interests of the Settlement Class as a whole in accordance with the Federal Rules of Civil Procedure, and dismissing with prejudice the claims of the Settlement Class.

L.     "Notice" means the e-mail notice that the Claims Administrator will provide Notice to Settlement Class Members initially via email in substantially the same form as that attached as **Exhibit C** to this Agreement, or as ultimately approved by the Court; and the summary Notice that will be sent via U.S. Mail in the event that any email Notices bounce-back

or are otherwise unsuccessfully delivered to a class member in substantially the same form as that attached as **Exhibit C** to identifiable Settlement Class Members for whom Defendants have mailing addresses or the Claims Administrator can obtain mailing addresses through commercially or publicly available "reverse lookup" sources and/or the U.S. Postal Service national change of address database.

M. "Preliminary Approval Order" means an order to be entered by the Court certifying the Settlement Class and granting preliminary approval to the settlement substantially in the form attached as **Exhibit A** to this Agreement and/or as ultimately issued by the Court.

N. "Released Claims" means any and all claims or causes of action of any nature whatsoever, arising out of, based upon or in any way relating to the transmittal of (either directly or through another), any requests to transmit, any attempt to transmit (either directly or through another), and/or the receipt of or content of, any text messages during the Class Period described above, sent by Defendants to Settlement Class Members, including but not limited to any and all claims for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims, including but not limited to, all claims pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"), and any state consumer protection statute that would give rise to claims for the transmission or content of these text messages, and also including "Unknown Claims" (as defined below in Section III.13.d), that have been or could have been asserted against the Released Parties by the Releasing Parties arising from the allegedly unsolicited text messages at issue in the Lawsuit, or in any other complaint, action, or litigation in any other court or forum.

O. "Released Parties" means Defendants Stoneledge Furniture, LLC, Southwestern Furniture of Wisconsin, LLC d/b/a Ashley Furniture, and Ashley Furniture Industries, LLC,

along with each of their respective past or present directors, officers, employees, partners, principals, agents, underwriters, issuers, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, any entities in which any of Released Parties have or have had a controlling interest or that have controlled any of Released Parties at any time, accountants, auditors, banks or investment bankers, personal or legal representatives, predecessors, successors, parents, subsidiaries, affiliates, licensees, divisions, joint ventures, joint venturers, assigns, associates, and/or any other related or affiliated entities.

P.     "Releasing Parties" means the Class Representative Plaintiff and each and every Settlement Class Member who does not timely and properly opt out of the proposed Settlement Class as required pursuant to this Agreement and the Notice, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, on behalf of themselves and the heirs, administrators, executors, successors, assigns, affiliates, parents, subsidiaries, owners, directors, officers, members, managers, employees, agents, and/or representatives of any of them

Q.     "Settlement Award" means the settlement award that Settlement Class Members who submit a valid Claim Form in accordance with the requirements of, *inter alia*, Section III.7 herein will be eligible for, which at the Settlement Class Member's election, may consist of either (1) payment via check of $10 for the first text received from Defendants and $7 for the second text received from Defendants, if any (a "Cash Settlement Payment"); or, alternatively, (2) a $25 voucher for the first text received from Defendants and a $15 voucher for the second text from Defendants, if any (a "Voucher Award").

R.     "Settlement Class" means: All persons throughout the United States to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number

assigned to a cellular telephone service, utilizing an automatic telephone dialing system, without prior express consent, between May 1, 2017 and September 30, 2020.

S. "Settlement Class Members" means members of the Settlement Class.

T. "Settlement Website" means the settlement website set up by the Claims Administrator which shall permit Settlement Class Members to access pertinent papers relating to the Lawsuit and to file claim submissions.

U. "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

**III.**

**<u>SETTLEMENT TERMS AND CONDITIONS</u>**

**IT IS HEREBY STIPULATED AND AGREED** by and among the Settling Parties that the Lawsuit and Released Claims (as defined below) shall be fully and finally compromised, settled, released, and discharged with prejudice subject to the terms and conditions of this Agreement, and that the Lawsuit shall be dismissed with prejudice as to all Settling Parties, subject to the Court's approval of this Agreement and after a hearing and finding that it is a fair, reasonable, and adequate settlement.

1. <u>Recitals</u>. The above-described recitals are incorporated herein and made a part hereof.

2. <u>Certification of the Settlement Class</u>. Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and subject to Court approval, the Settling Parties hereby stipulate that a class ("Settlement Class") shall be certified for settlement purposes only, and shall be defined as follows:

> All persons throughout the United States to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, without prior express consent during the Class Period, between May 1, 2017 and September 30, 2020 (the "Settlement Class").

Excluded from the Settlement Class are: (1) all persons to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, purely to consummate a purchase transaction, such as text messages solely sent to set up time for delivery of a purchase; and (2) Defendants and any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants, or any parent, subsidiary or affiliate of Defendants, and the immediate family members of all such persons.

3.      Representation of the Settlement Class.  For settlement purposes only, and subject to Court approval, Plaintiff Michael Parker shall be appointed as the "Class Representative" and Plaintiff's attorneys, Abbas Kazerounian and Mona Amini of Kazerouni Law Group, APC and Kevin J. Cole of KJC Law Group, APC shall be appointed as counsel for the Settlement Class (collectively "Class Counsel"). Plaintiff and Class Counsel acknowledge and agree that certification of the Settlement Class is for settlement purposes only, and further agree that the certification of the Settlement Class, the execution of this Agreement and any related papers, and any act taken or court paper filed in furtherance of this Agreement shall not be used in this or any other action, matter or judicial or quasi-judicial proceeding to urge that a litigation class should be, or could otherwise be, certified against any of Defendants.  In the event this settlement is not approved or, having been approved, is later reversed, overturned or modified by any appellate court or otherwise, Defendants retain the right to and intend to vigorously oppose and object to the maintenance of this or any other action as a class action, whether under Rule 23(b)(3) of the Federal Rules of Civil Procedure or any other rule or standard of class certification, and to contest this or any other action on any and all other available grounds.  Plaintiff and Class Counsel acknowledge and agree that certification of the foregoing Settlement Class shall not and

should not be considered an adjudication on the merits of the certifiability of a class against any of Defendants for any purpose, including for the purpose of asserting claims under the TCPA or otherwise based upon the transmission of text messages to any person, except for the sole purpose of the settlement of the Lawsuit as provided herein.

4.   <u>Preliminary Approval</u>.  Plaintiff will move, subject to Defendants' consent to the form of motion therefor, for the Court's entry of an order preliminarily approving this settlement and preliminarily certifying, for settlement purposes only, the Settlement Class.   The Settling Parties' agreed form of proposed Order Certifying the Settlement Class, Preliminarily Approving the Class Action Settlement, and Approving the Settlement Class Notice (the "Preliminary Approval Order") is attached hereto as **<u>Exhibit A</u>**.

5.   <u>Settlement Award(s) to Settlement Class Members</u>.   In consideration for this settlement, on a claims-made basis, Cash Settlement Payment(s) or Voucher Award(s) (at the Settlement Class Member's election, as described below) shall be provided to those Settlement Class Members who submit a valid Claim Form in accordance with the requirements of, *inter alia*, Section III.7 herein. Settlement Class Members (as defined below in Section III.6) who make a claim will be eligible for (1) payment via check of $10 for the first text received from Defendants and $7 for the second text received from Defendants, if any (a "Cash Settlement Payment"); or, alternatively, (2) a $25 voucher for the first text received from Defendants and a $15 voucher for the second text from Defendants, if any (a "Voucher Award"), provided, however, that a Settlement Class Member can only receive a maximum of two Voucher Awards, and no more than two Voucher Awards can be used on any given purchase transaction (i.e., no more than $40.00 in Voucher Award credit per transaction). The Voucher Awards shall only be redeemable for purchases on the   www.ashleyfurniture.com Website. The Voucher Awards

cannot be combined with, or redeemed on the same purchase transaction with, any other coupon, voucher, or Ashley price promotion represented by a coupon or voucher. The Voucher Awards must be used on a purchase transaction and cannot be redeemed or applied toward any transaction involving either (i) purchase financing through or arranged by Ashley Furniture Industries, LLC or any affiliate or subsidiary thereof, or (ii) any lease or rent to own transaction. The Voucher Awards will expire no earlier than (18) eighteen months after they are issued to a Settlement Class member, and Defendants have the option at their sole discretion to increase the expiration date of the Voucher Awards. The Voucher Awards shall be fully transferable, subject to certain fraud protections and the conditions and qualifications of usage set forth in this Section III.5, which conditions and qualifications of usage shall apply fully with respect to any transferee, whether or not such transferee is on notice of the conditions herein or in any of the related documents or court orders provided to or made available to Settlement Class Members. The Voucher Awards shall not be redeemable for cash or otherwise except as a credit toward a purchase on www.ashleyfurniture.com, and no cash or further credit shall be refunded for the unused portion of a Voucher Award employed for a particular transaction. Defendants shall not be responsible for any payments or obligations to the Settlement Class Members other than those specified in this Agreement or ordered by the Court.

6.      Eligibility for Settlement Award(s) and Claim Process.      Members of the Settlement Class as set forth in the definitions and exclusions in Section III.2 herein who do not properly and timely request exclusion from the Settlement Class in accordance with Section III.10 herein (the "Settlement Class Members") may be entitled to submit a claim for a Settlement Award under this Agreement if such person or entity both: (a) actually received one or more marketing text messages on or between the dates of May 1, 2017, through September 30,

2020 (the "Class Period"); and (b) did not give Defendants prior express invitation or permission to send such Settlement Class Member a marketing text message. Settlement Class Members who meet the criteria established in this Section III.6 can submit a claim for either a Cash Settlement Payment and/or Voucher Award as described herein. Settlement Class Members who submit a claim hereunder, and who meet the criteria established in this Section III.6, may hereinafter also be referred to as "Class Claimants."

Either a Cash Settlement Payment and/or Voucher Award (depending on the Class Claimant's election as described in Section III.5 herein) shall be issued to each eligible Class Claimant who submits an approved Claim Form as set forth in the form attached hereto as **Exhibit B**. Unless denied in accordance with Section III.8.a below, such an approved Claim Form shall entitle the Class Claimant to either a Cash Settlement Payment and/or Voucher Award in accordance with the terms of this Agreement. In order to be approved, Claim Forms must be post-marked or timely electronically submitted online via the Settlement Website on or before ninety (90) days after the Court's entry of the Preliminary Approval Order or as otherwise set by the Court in the Preliminary Approval Order (the "Claims Due Date"). The 90 day or other time period set by the Court for the submission of settlement Claim Forms constitutes the "Claim Period".

7.    <u>Claim Forms</u>.  Settlement Class Members must submit a Claim Form prior to the Claims Due Date to be eligible to receive a Cash Settlement Payment and/or Voucher Award. Claim Forms may be submitted by either U.S. Mail or electronically via the Settlement Website. Settlement Class Members must indicate on the Claim Form: (i) that the Class Claimant did not provide consent to Defendants to receive text messages; (ii) the number of text messages received from Defendants without consent and the identity of the cell phone number receiving

such text(s); and (iii) whether the Settlement Class Members elects to receive settlement compensation in the form of a Cash Settlement Payment or a Voucher Award, subject to the terms and conditions set forth in Section III.5 above (*e.g.*, a Cash Settlement Payment of $10 for a Settlement Class Member who received one eligible text or $17 for a Settlement Class Member who received multiple eligible texts; and a Voucher Award of either $25 or $40, depending on the number of eligible texts). Any member of the Settlement Class who does not submit a Claim Form within the Claim Period, as evidenced by postmark or qualifying submission via the Settlement Website, shall not receive any Cash Settlement Payment or Voucher Award from Defendants.

8. <u>Claim Limitations/Reductions.</u>  The Settling Parties agree that each Class Claimant's entitlement to receive a Cash Settlement Payment and/or Voucher Award, to be issued by Defendants as set forth above, shall be governed by the following additional restrictions and procedures:

  a. The "Claims Administrator" (as defined in Section III.9 hereinafter) may deny a Claim Form not properly and/or timely completed and submitted in accordance with this Agreement and/or under the Order of the Court approving same.

  b. The Cash Settlement Payment(s) and/or Voucher Award(s) will be issued to eligible Class Claimants within a reasonable time, but in no event more than thirty (30) days, after the Effective Date of this Agreement as defined in Section III.11 herein. As part of its engagement, the Claims Administrator shall agree to provide Class Counsel with confirmation within forty-five (45) days following the Effective Date, as defined in Section III.11 herein, that all claimed Cash Settlement Payment(s) and/or Voucher Award(s) have been issued. Such confirmation shall be by affidavit of a representative of the Claims Administrator capable of confirming the issuance of Cash Settlement Payments and/or Voucher Awards to Class Claimants.

  c. The parties represent that the substantive terms of the Cash Settlement Payments and/or Voucher Awards to be provided to Class Claimants were negotiated and settled independently and apart from the amount of attorneys' fees to be requested by Class Counsel. The consideration to be

provided to the Settlement Class is not contingent on the attorneys' fees, costs, and expenses to be awarded by the Court, as long as such award, if any, is in accordance with the limitations set forth in Section III.14 of this Agreement, and this Agreement and the settlement and releases described herein are not conditioned upon the amount of any award of attorneys' fees, costs, and expenses by the Court, if any, except as limited by Section III.14 herein.

    d.    Plaintiff and Settlement Class Members shall look solely to the Cash Settlement Payments and/or Voucher Awards for settlement and satisfaction of all Released Claims against any of Released Parties. Upon the Effective Date, Released Parties shall have no further liability for Released Claims or under this Agreement (except to honor consistent with the terms and limitations herein the Cash Settlement Payments and/or Voucher Awards validly claimed by Class Claimants within the Claim Period) and shall not be liable to the Class Representative, the Settlement Class, any Settlement Class Member or Class Claimant, or any of Releasing Parties, for any amounts beyond the Cash Settlement Payments and/or Voucher Awards validly claimed by Class Claimants within the Claim Period; and any portion of the cash payments and/or vouchers not validly claimed as Cash Settlement Payments and/or Voucher Awards or otherwise paid pursuant to this Agreement shall remain the sole and exclusive property of Defendants. In no event shall any Settlement Class member be entitled to receive any payment, voucher, credit, or other amount from any of Released Parties beyond a Cash Settlement Payment and/or Voucher Award awarded in accordance herewith, and Released Parties shall have no responsibility or liability for the withholding of, or payment of, any taxes or amounts that may be owed as taxes, federal, state, or otherwise, by any Class Claimant as a result of accepting any Cash Settlement Payments and/or Voucher Awards hereunder; any and all such tax liabilities and/or obligations, if any, shall be the sole and exclusive responsibility of each Class Claimant. Settlement Class Members further agree that Released Parties shall bear no responsibility or liability for, or resulting from or arising out of, any acts or omissions of the Claims Administrator other than as expressly set forth herein.

    9.    <u>Claims Administrator</u>.  Subject to the terms of this Agreement, Defendants will pay all expenses reasonably incurred to pay for the costs of administering the settlement, including but not limited to, the reasonable fees, costs and expenses of an independent, third-party Claims Administrator associated with administering the settlement (the "Claims Administrator"), providing notice to the Settlement Class, processing claims, distributing Cash Settlement Payments and/or Voucher Awards, and other activities customarily associated with

administering class action settlements (the "Administration Costs"). Defendants will hire a Claim Administrator with the approval of Class Counsel, who shall not withhold approval unreasonably. Subject to the terms of this Agreement, the Claims Administrator shall administer (or oversee the administration of) the notification to members of the Settlement Class as follows:

a. <u>Notice</u>. The Claims Administrator, shall, within thirty (30) days after the entry of the Preliminary Approval Order, or earlier if possible, provide Notice to Settlement Class Members informing them of the proposed settlement and their ability to submit Claim Forms seeking Cash Settlement Payment or Voucher Awards (the "Notice"). Specifically, the Claims Administrator will provide Notice to Settlement Class Members initially via email in substantially the same form as that attached as **<u>Exhibit B</u>**. However, in the event that any email Notices bounce-back or are otherwise unsuccessfully delivered to a class member, a summary Notice will be sent via U.S. mail in substantially the same form as that attached as **<u>Exhibit C</u>** to identifiable Settlement Class Members for whom Defendants have mailing addresses or the Claims Administrator can obtain mailing addresses through commercially or publicly available "reverse lookup" sources and/or the U.S. Postal Service national change of address database.

b. Defendants will pay for all reasonable expenses related to providing Notice to Settlement Class Members. Once Defendants select a Claims Administrator and the Settling Parties jointly approve the Claims Administrator's budget/fee/expense proposal for Administration Costs, Plaintiff's counsel will oversee the administration process of the claims; however, Defendants will be entitled to updates on the status of the administration process and entitled to remain informed on the administration of claims.

c. <u>Settlement Website.</u> There will be a settlement website set up by the Claims Administrator (the "Settlement Website"), which shall permit Settlement Class Members to access pertinent papers relating to the Lawsuit and to file claim submissions. The Claims Administrator will also ensure a toll-free Interactive Voice Response is setup for Settlement Class Members.

d. The Settling Parties agree that the notice procedure set forth herein complies with statutory and constitutional requirements as the best and most practicable notice under the circumstances of the Lawsuit.

10.    <u>Requests for Exclusion and Objections.</u>  Subject to the terms of this Agreement, Class Counsel, in consultation with counsel for Defendants, shall administer (or oversee the administration of) the receipt of any and all requests for exclusion from the Settlement Class and/or or objections to the settlement.  Any person or entity who otherwise satisfies the conditions to be a member of the Settlement Class who intends to request exclusion from (*i.e.*, opt out of) the Settlement Class must mail any such request for exclusion, to be postmarked on or before the ninetieth (90th) day after the date of entry of the Preliminary Approval Order, to each of: (i) the Claims Administrator; (ii) Kazerouni Law Group, APC c/o Abbas Kazerounian, 245 Fischer Avenue Suite D1, Costa Mesa, California 92626; and (iii) Norton Rose Fulbright US LLP c/o Jackie Karama, 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071.  To be valid, the request for exclusion must set forth in writing the Settlement Class member's full name, current address, and telephone number, as well as their claim identification number included in the Notice or the cellular telephone number(s) on which he/she/it received the text message(s) from Defendants, along with a statement that the class member wishes to be excluded from the Settlement Class.

Any Settlement Class Member who intends to object to the settlement, including the terms or any component thereof, must both: (1) mail any such objection to or file any such objection with the Court on or before the ninetieth (90th) day after the date of entry of the Preliminary Approval Order, unless otherwise ordered by the Court; and (2) provide a copy of the objection to each of: (i) the Claims Administrator; (ii) Kazerouni Law Group, APC c/o Abbas Kazerounian, 245 Fischer Avenue Suite D1, Costa Mesa, CA 92626; and (ii) Norton Rose Fulbright US LLP c/o  Jackie Karama, 555 South Flower Street, Forty-First Floor, Los Angeles, California, United States 90071. Any objector to the settlement must provide his/her/its full

name, address, telephone number, as well as their claim identification number included in the Notice or the cellular telephone number(s) on which he/she/it received the text message(s) from Defendants, and state in writing all objections, and the reasons for such objections. Any Settlement Class Member who wishes to appear in person to present evidence or argument in support of the objection at the Final Approval Hearing must provide notice to that effect in its notice of objection. A Settlement Class Member or his/her/its attorney intending to make an appearance at the Final Approval Hearing must: (a) file a notice of appearance with the Court no later than ten (10) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (b) serve a copy of such notice of appearance on all counsel for all Settling Parties. For any attorney representing an objector, the attorney shall file a declaration listing all objections previously filed for anyone, the case name, court, and case number, and how much, if any amount, was paid in connection with the objection. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his/her/its intent to appear at the Final Approval Hearing in accordance with the terms of this Agreement and as detailed in the Notice, and at the same time provide copies to designated counsel for the Settling Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of this Agreement by appeal or other means, and shall be deemed to have waived his/her/its objections and be barred from making any such objections in the Action or any other action or proceeding.

The Settling Parties agree that, subject to Court approval, any Settlement Class Member who does not file a timely written objection to the settlement shall be foreclosed from seeking review of the settlement by appeal or otherwise. The Settling Parties agree that, subject to Court approval, any Settlement Class Member who does not file a timely written request for exclusion

from the Settlement Class shall be bound by the terms of this Agreement, including specifically, but not limited to, the Releases set forth in Section III.12 hereof, without regard to whether such Settlement Class Member submits or does not submit a Claim Form in accordance with the terms of this Agreement and without regard to whether such Claim Form is denied pursuant to the procedures set forth in Section 9 above.

11. <u>Effective Date</u>. The "Effective Date" of this Agreement shall be the date five (5) calendar days after the date on which both the following are true: (a) the Court has signed the Final Approval Order dismissing with prejudice the claims of all Settlement Class Members (including Plaintiff) except those who properly excluded themselves from the Settlement Class as provided in the Notice and (b) the time for filing an appeal has expired or, if appeals are filed, the date on which the Final Approval Order has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review. Class Counsel shall vigorously defend any appeal from the Final Approval Order and shall himself/themselves satisfy, and not from the Cash Settlement Payments and/or Voucher Awards, any attorney's fees, costs, and expenses arising from or necessitated by the defense of any such appeal.

12. <u>Releases</u>. Subject to and effective upon entry of the Final Approval Order, the Class Representative and each and every Settlement Class Member who does not timely and properly opt out of the proposed Settlement Class as required pursuant to this Agreement and the Notice, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, on behalf of themselves and the heirs, administrators, executors, successors, assigns, affiliates, parents, subsidiaries, owners, directors, officers, members, managers, employees, agents, and/or representatives of any of them, (collectively the

"Releasing Parties"), DO FULLY, FINALLY, AND FOREVER SETTLE, RELEASE, AND

FOREVER DISCHARGE the Released Parties (as defined below in Section III.12.a) from the

Released Claims (as defined below in Section III.12.b), and are forever barred and enjoined from

asserting any of the Released Claims in any court or forum whatsoever. The provisions of any

state, federal, municipal, local, or territorial law or statute providing in substance that releases

shall not extend to claims, facts, demands, injuries, or damages that are unknown or unsuspected

to exist at the time this Agreement is executed and approved by the trial court, are hereby

expressly, knowingly, and voluntarily waived by the Class Representative and each and every

Settlement Class Member. In addition, to the extent applicable, the Settlement Class Members

waive the application of Section 1542 of the California Civil Code, which provides that: "A

GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES

NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING

THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED

HIS SETTLEMENT WITH THE DEBTOR" or any similar provision in any state or federal law.

a.     As used in this Agreement, the term "Released Parties" shall mean
Stoneledge Furniture, LLC, Southwestern Furniture of Wisconsin, LLC
d/b/a Ashley Furniture, and Ashley Furniture Industries, LLC, along with
each of their respective past or present directors, officers, employees,
partners, principals, agents, underwriters, issuers, insurers, co-insurers,
reinsurers, controlling shareholders, attorneys, any entities in which any of
Released Parties have or have had a controlling interest or that have
controlled any of Released Parties at any time, accountants, auditors,
banks or investment bankers, personal or legal representatives,
predecessors, successors, parents, subsidiaries, affiliates, licensees,
divisions, joint ventures, joint venturers, assigns, associates, and/or any
other related or affiliated entities.

b.     As used in this Agreement, the term "Released Claims" shall mean any
and all claims or causes of action of any nature whatsoever, arising out of,
based upon or in any way relating to the transmittal of (either directly or
through another), any requests to transmit, any attempt to transmit (either
directly or through another), and/or the receipt of or content of, any text
messages during the Class Period described above, sent by Defendants to

Settlement Class Members, including but not limited to any and all claims for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims, including but not limited to, all claims pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"), and any state consumer protection statute that would give rise to claims for the transmission or content of these text messages, and also including "Unknown Claims" (as defined below in Section III.13.d), that have been or could have been asserted against the Released Parties by the Releasing Parties arising from the allegedly unsolicited text messages at issue in the Lawsuit, or in any other complaint, action, or litigation in any other court or forum.

c.    The Class Representative and Settlement Class Members further covenant not to sue on account of any of the Released Claims and to take such further actions as may be necessary to effectuate this Release.

d.    As used in this Agreement, the term "Unknown Claims" means any and all facts, claims and/or Released Claims that the Class Representative and/or any Settlement Class Member does not know or even suspect to exist against any of the Released Parties which, if known, might have affected his or her decision regarding the settlement of the Lawsuit. The Class Representative and Settlement Class Members further acknowledge that they may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release, but nevertheless expressly accept and assume the risk of such possible discovery, and fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions or conduct occurring on or before the date of this Agreement, without regard to any subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

13.    The named Plaintiff/Class Representative, Michael Parker, shall not seek and will not be awarded a service award or any other relief in addition to or different from any other Class Claimant.

14.    <u>Attorneys' Fees.</u> Defendants shall not oppose Plaintiff's counsel's motion for attorney's fees and costs (excluding the cost of Notice to the Settlement Class, which Defendants shall pay as provided in Section III.9.b, above), so long as such motion does not seek an award exceeding $400,000.00 for attorney's fees, costs, and/or expenses. Plaintiff will file a motion

requesting an award of attorney's fees and costs thirty (30) days prior to the Court's Final Approval Hearing. Defendants will remit payment of the amount awarded by the Court for attorneys' fees, costs, and expenses to Class Counsel within twenty-one (21) days after the Effective Date. Defendants shall have no further obligation with respect to the attorneys' fees, costs, and expenses of Class Counsel.

Notwithstanding the foregoing, the Settling Parties agree that the terms and existence of their settlement, as set forth in this Agreement, are in no way or manner contingent upon whether the Court awards Class Counsel attorneys' fees, costs, and expenses as requested in accordance with this Section III.14, or any, all, or no amount thereof. Subject to the terms and conditions of this Agreement, and the specific limitation set forth in this Section III.14, this settlement and all releases contained herein shall be effective without regard to the amount or existence of attorneys' fees, costs, and/or expenses awarded to Class Counsel by the Court.

15.     _Confirmatory Discovery_. Defendants agree to provide Plaintiff one Rule 30(b)(6) confirmatory deposition including the following topics: (i) the number of texts made to unique cell phone numbers; (ii) how the Defendants calculated the numbers of unique numbers called; and (iii) how Defendants store their data related to the text messages. Such deposition will not take longer than 90 minutes and all questions will be provided to the Defendants at least one week prior to the deposition.

16.     _Publicity._  The Settling Parties agree they will not issue press releases regarding the fact or terms of this Agreement and/or eventual settlement, unless otherwise ordered by the Court or otherwise required by law.  The only public notification of the fact or terms of this Agreement and/or eventual settlement will be in conjunction with filings or proceedings in the Lawsuit and shall be made only upon and in accordance with any order of the Court therein.

17. <u>Final Approval</u>.  The Preliminary Approval Order will set a date for a  Final Approval Hearing, at which Plaintiff and Defendants will request that the Court enter the Final Approval Order finally approving the settlement in the form attached hereto as **<u>Exhibit D</u>**.

18. <u>Payments to Settlement Class Members.</u> In addition to providing periodic reporting to the Parties regarding the numbers of claims submitted, within fourteen (14) days after the Claims Due Date, the Claims Administrator shall notify both Class Counsel and Defendants in writing of the number of valid and approved claims submitted and the amount necessary to fund the payment of the valid and approved claims and to satisfy Class Claimants' valid Voucher Award requests ("Claim Notification Date"). The Claims Administrator shall also provide both Class Counsel and Defendants with copies of all of the submitted claim forms that are received by the Claims Administrator.  The Claims Administrator's determination will be final and binding on the Settling Parties, subject to the Final Approval Order. Within a reasonable period in advance of the Effective Date (sufficient to permit the Claims Administrator to comply with its delivery obligations to Class Claimants and to permit Defendants to issue the necessary Voucher Awards with appropriate expiration dates in accordance herewith), Defendants shall wire to the Claims Administrator the funds for Cash Settlement Payments and/or provide the Voucher Awards necessary to fund the payment of valid and approved claims. Thereafter, the Claims Administrator shall issue checks and/or vouchers in accordance with Section III.7 in the appropriate amounts to the Settlement Class Members who submitted those valid and approved claims within thirty (30) days after the Effective Date. Checks issued to the Settlement Class Members will be void one-hundred eighty-one (181) days after issuance and shall state that fact on their face. The Voucher Awards will expire no earlier than (18) eighteen

months after they are issued to a Settlement Class Member, and Defendants have the option to increase the expiration date of Voucher Awards at their sole discretion.

19. <u>Cooperation</u>. Plaintiff and Defendants agree to cooperate fully with one another to effectuate the consummation of this Agreement and to achieve the settlement provided for herein.

20. <u>Notices</u>. Requests for exclusion, objections to the Agreement or settlement, and notices to Plaintiff and the Settlement Class shall be sent to:

Abbas Kazerounian
Kazerouni Law Group, APC
245 Fischer Avenue Suite D1
Costa Mesa, CA 92626

Requests for exclusion and objections shall be copied to, (and notices to Defendants shall be sent to):

Jackie Karama
Norton Rose Fulbright US LLP
555 South Flower Street, Forty-First Floor,
Los Angeles, CA 90071

21. <u>CAFA Notices</u>. Within ten (10) days after the Motion for Preliminary Approval is filed with the Court, the Claims Administrator will cause the notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. 1715(b), to be issued as required to the State Attorney General of each state in which a Settlement Class Member resides.

22. <u>Termination</u>. Class Counsel, on behalf of the Class Representative and Settlement Class, and Defendants shall each have the right to terminate this Agreement by providing written notice to the other party within seven (7) days of: (1) the Court's refusal to enter an Order of Preliminary Approval substantially in the form attached as Exhibit A; (2) the Court's refusal to finally approve the settlement following notice to the Settlement Class and

Final Approval Hearing; (3) the Court's refusal to enter a Final Approval Order substantially in the form attached as Exhibit D (except that the refusal of the Court to award any particular amount of attorneys' fees, costs, and expenses consistent with the limitations of Section III.14 of this Agreement shall not be a basis for the Plaintiff, Class Counsel or the Settlement Class to terminate this Agreement); or (4) any appellate court decision which reverses, vacates, overrules or modifies in any way the terms of this settlement or the Final Approval Order as stated herein (except for an appellate court's reversal of, remittitur of, refusal to award or refusal to affirm any particular amount of attorneys' fees, costs, and expenses up to the amount consistent with Section III.14 of this Agreement).  Additionally, in the event that more than 300 of the persons or entities to whom notice has been provided timely elect to be excluded from the Settlement Class in accordance with Section III.10, Defendants shall have the option to terminate this Agreement, subject to the notice provisions set forth above.

If any Settling Party timely terminates under this Section III.22, this Agreement shall be of no force and effect, and the Settling Parties' rights and defenses shall be restored to their respective positions as of the date of execution of this Agreement, without prejudice, as if this Agreement had never been executed.  If any Settling Party timely terminates under this Section III.22, the Settling Parties further agree that (i) this Agreement is intended to compromise and settle disputed claims, and that no aspect of this Agreement constitutes an admission of liability or potential liability; (ii) that the consideration set out in this Agreement should in no way be construed to, and will not be asserted to, constitute a measure of the value of the claims of the Settlement Class, if any; and (iii) neither this Agreement, nor the fact that an agreement to settle the Lawsuit has been reached, nor the consideration recited herein, shall be admissible against any Settling Party in any lawsuit or any other action or proceeding for any purpose whatsoever,

including, without limitation, for the purpose of arguing or suggesting that a class can or appropriately would be certified under circumstances other than those in this Agreement. No party to this Agreement, absent any substantive change by the Court, shall appeal the approval of this Agreement by the Court.

23.     Headings.     Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

24.     Exhibits.  The exhibits to this Agreement are an integral part of the settlement and are expressly incorporated and made a part of this Agreement.

25.     For Settlement Only.  This Agreement is for settlement purposes only and is entered into for purposes of resolving all disputes between Defendants and all members of the Settlement Class (including Plaintiff).  Neither the act of entering into, nor any provision contained in this Agreement, nor any action taken hereunder, shall constitute or be asserted to constitute, or be construed as, any admission of the validity of any claim or any fact alleged in the Lawsuit or of any wrongdoing, fault, violation of law, or liability of any kind on the part of Defendants or any admission by Defendants of any claim or allegation made in any action or proceeding against Defendants.  Except at the election of Defendants, this Agreement shall not be offered or be admissible in evidence against Defendants or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms, save and except that the Settling Parties acknowledge and agree that Defendants may introduce, report, or otherwise use this Agreement, its terms, and/or the orders of the Court contemplated herein to urge or establish the defense(s) of release, res judicata, collateral estoppel or other similar defense or theory of claim preclusion or issue preclusion, or as otherwise required by law, or to protect its

legal rights or interests. Nothing in this Agreement shall be construed to prevent the Settling Parties' disclosure of the terms of this Agreement to their legal, tax, accounting, financial, or other professional advisors, or as may be required for governmental or regulatory reporting purposes, or in order to make full disclosure, as may be necessary, under any securities law or regulation.

If this Agreement is not finally approved by the Court, then the Settling Parties expressly agree that this Agreement is null and void and may not be used or cited by either party for any reason.

26. <u>Binding and Benefiting Others</u>. This Agreement shall be binding upon and inure to the benefit of the Settling Parties, the Released Parties, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and successors in interest

27. <u>Warranties</u>. The Settling Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party(ies) for which he or she is signing.

28. <u>Entire Agreement.</u> The Plaintiff and Settlement Class Members acknowledge, stipulate, and agree that no representations, warranties, or inducements have been made to Plaintiff or any Settlement Class Member other than those representations, warranties, and covenants contained in this Agreement. This Agreement and its Exhibits shall constitute the full,

complete and entire agreement of the Settling Parties and supersedes any prior writings or agreements (written or oral) between or among the Settling Parties, which prior agreements may no longer be relied upon for any purpose. No modification or waiver of any provisions of this Agreement shall in any event be effective unless the same shall be in writing and signed by the person against whom enforcement of the Agreement is sought.

29. <u>Governing Law</u>. To the extent not governed by the Federal Rules of Civil Procedure, the contractual terms of this Agreement shall be interpreted and enforced in accordance with Federal law and the state substantive law of the State of Florida, without regard to its conflict of laws or choice of laws provisions.

30. <u>Mutual Interpretation</u>. The Settling Parties agree and stipulate that the settlement was negotiated on an "arm's-length" basis between parties of equal bargaining power. All terms, conditions, and exhibits in their exact form are material and necessary to this Agreement and have been relied upon by the Settling Parties in entering into this Agreement. Also, Plaintiff and Defendants have drafted the Agreement jointly, so this Agreement is not one of adhesion, is mutually created, and no ambiguity shall be construed in favor of or against any of the Settling Parties. The Settlement Class acknowledges, but does not concede to or agree with, statements by Defendants regarding the merits of the claims and Defendants acknowledge, but does not concede to or agree with, the Settlement Class's statements regarding the merits of the claims.

31. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile signatures are acceptable for the execution of this Agreement and shall be considered original signatures.

32.     _Severability._  In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Settling Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

33.     _Continuing Jurisdiction._  Without affecting the finality of the final judgment, for ninety (90) days after entry of the Final Approval Order the Court shall retain continuing jurisdiction over the Litigation and the Settling Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the benefits to the Settlement Class hereunder, including for such purposes as supervising the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, and the Final Approval Order and final judgment. Any dispute or controversy arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

34.     _Extension of Time._  The Settling Parties may agree in writing signed by both Class Counsel and counsel for Defendants upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice (subject to Court approval as to Court dates).

_(intentionally left blank; signature page to follow)_

**IN WITNESS WHEREOF**, the Settling Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

**PLAINTIFF**

Dated: 9/17/2021                    By: *Michael Parker*
                                         Michael Parker
                                         Plaintiff and Class Representative

**DEFENDANTS**

Dated: _____     By: _____
                                         Name: _____
                                         Title: _____
                                         Defendants Stoneledge Furniture, LLC and
                                         Southwestern Furniture of Wisconsin, LLC
                                         d/b/a Ashley Furniture

**APPROVED AS TO FORM**:

                                         **CLASS COUNSEL**
                                         **KAZEROUNI LAW GROUP, APC**

Dated: _____09/20/2021_____         By: _____
                                         Abbas Kazerounian
                                         Counsel for Plaintiff and the Settlement Class

                                         **DEFENDANTS' COUNSEL**
                                         **NORTON ROSE FULBRIGHT US LLP**

Dated: _____     By: _____
                                         Jackie Karama
                                         Counsel for Defendants Stoneledge Furniture,
                                         LLC and Southwestern Furniture of
                                         Wisconsin, LLC d/b/a Ashley Furniture

**IN WITNESS WHEREOF**, the Settling Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

PLAINTIFF

Dated: _____     By: _____
                                    Michael Parker
                                    Plaintiff and Class Representative

DEFENDANTS

Dated: _____     By: _____
                                    Name: _____
                                    Title: _____
                                    Defendants Stoneledge Furniture, LLC and
                                    Southwestern Furniture of Wisconsin, LLC
                                    d/b/a Ashley Furniture

**APPROVED AS TO FORM**:

CLASS COUNSEL<br>KAZEROUNI LAW GROUP, APC

Dated: _____     By: _____
                                    Abbas Kazerounian
                                    Counsel for Plaintiff and the Settlement Class

DEFENDANTS' COUNSEL<br>NORTON ROSE FULBRIGHT US LLP

Dated: _____     By: _____
                                    Jackie Karama
                                    Counsel for Defendants Stoneledge Furniture,
                                    LLC and Southwestern Furniture of
                                    Wisconsin, LLC d/b/a Ashley Furniture

**IN WITNESS WHEREOF**, the Settling Parties have caused this Agreement to be
executed on the date set forth underneath their respective signatures.

**PLAINTIFF**

Dated: _____

By: _____
Michael Parker
Plaintiff and Class Representative

**DEFENDANTS**

Dated: _____

By: _____
Name: _Stephen R. Callihs_
Title: _CLO + Secretary_
Defendants Stoneledge Furniture, LLC and
Southwestern Furniture of Wisconsin, LLC
(d/b/a Ashley Furniture), by their parent
company, Ashley Global Retail, LLC

**APPROVED AS TO FORM:**

**CLASS COUNSEL**
**KAZEROUNI LAW GROUP, APC**

Dated: _____

By: _____
Abbas Kazerounian
Counsel for Plaintiff and the Settlement Class

**DEFENDANTS' COUNSEL**
**NORTON ROSE FULBRIGHT US LLP**

Dated: _____

By: _____
Jackie Karama
Counsel for Defendants Stoneledge Furniture,
LLC and Southwestern Furniture of
Wisconsin, LLC d/b/a Ashley Furniture

Attachments to Settlement Agreement:

Exhibit A – Proposed Order of Preliminary Approval
Exhibit B – Claim Form
Exhibit C – Notice(s)
Exhibit D – Proposed Order of Final Approval

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| MICHAEL PARKER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>STONELEDGE FURNITURE, LLC and SOUTHWESTERN FURNITURE OF WISCONSIN, LLC d/b/a ASHLEY FURNITURE,<br><br>        Defendants. | Case No. 8:21-cv-00740-CEH-AEP |

**[PROPOSED] ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND APPROVING SETTLEMENT CLASS NOTICE**

This matter comes before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement and Settlement Class Notice (Dkt. No. ___). Having considered the settlement, all papers and proceedings held herein, and having reviewed the record in this action, the Court finds as follows:

On _____, 2021 the parties notified the Court a settlement had been reached between Plaintiff MICHAEL PARKER ("Mr. Parker," or "Plaintiff"), individually and on behalf of all others similarly situated, and Defendants STONELEDGE FURNITURE, LLC and SOUTHWESTERN FURNITURE OF WISCONSIN, LLC d/b/a ASHLEY FURNITURE (collectively "Defendants") related to Plaintiff's claims in this action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*., ("TCPA").

On _____, 2021 the parties filed a Joint Motion for Preliminary Approval of Settlement and Notice to the Settlement Class (Dkt. No. ___). In accordance with the parties' motion, the Court preliminarily and conditionally certifies for settlement purposes only, a class defined as:

    All persons throughout the United States to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned

to a cellular telephone service, utilizing an automatic telephone dialing system, without prior express consent during the Class Period, between May 1, 2017 and September 30, 2020 (the "Settlement Class").

Excluded from the Settlement Class are: (1) all persons to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, purely to consummate a purchase transaction, such as text messages solely sent to set up time for delivery of a purchase; and (2) Defendants and any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants, or any parent, subsidiary or affiliate of Defendants, and the immediate family members of all such persons.

For settlement purposes only, the Court preliminarily finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are satisfied in that: (1) the proposed Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the proposed Settlement Class; (3) Plaintiff's claims are typical of the claims of the proposed Settlement Class; (4) Plaintiff will fairly and adequately protect the interests of the proposed Settlement Class; (5) the questions of law or fact common to proposed Settlement Class members predominate over any questions affecting only individual members; and (6) certifying the Settlement class is superior to other available methods for the fair and efficient adjudication of the controversy.

Federal Rule of Civil Procedure 23(e) provides the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23. "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable..." *In re: Corrugated Container Antitrust Litigation*, 643 F.2d 195, 206 (5th Cir. 1981); *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977);[1] *see also* Fed. R. Civ. P. 23(e)(2).

A strong presumption exists in favor of a settlement's fairness. *Parker v. Anderson*, 667 F.3d 1201,1209 (5th Cir. 1982); *Cotton*, 559 F.2d at 1331. Settlements are "highly favored" and "will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981

The public policy favoring settlement agreements is particularly strong in complex class action litigation where voluntary pretrial settlements obviate the need for expensive and time-consuming litigation. *See Bass v. Phoenix Seadrill/78, Ltd*., 749 F.2d 1154, 1164 (5th Cir. 1985). Absent fraud or collusion, trial courts should be hesitant to substitute their own judgment for the judgment of counsel in arriving at a settlement. *Cotton*, 559 F.2d at 1330.

The Eleventh Circuit Court of Appeals uses a six-factor test for assessing the fairness, reasonableness, and adequacy of a class settlement. The factors are: (a) whether the settlement was a product of fraud or collusion; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the proceedings and the amount of discovery completed; (d) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (e) the possible range of recovery and the certainty of damages; and (f) the respective opinions of the participants, including class counsel, class representatives, and absent class members. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), *citing* 1982–2 Trade Cas. At 72, 106, *citing, inter alia, Container II,* 643 F.2d at 207–08; *Cotton v. Hinton,* 559 F.2d at 1330–31; *Miller v. Republic National Life Insurance Co.,* 559 F.2d 426, 428–29 (5th Cir. 1977).

Based on review of the record, the manner of negotiation, and settlement agreement, the Court finds no evidence indicating that the settlement falls outside the requirements of the Eleventh Circuit's test articulated above, and finds the settlement terms to be fair, adequate, and reasonable. The Court also finds no evidence of any fraud or collusion with respect to the parties' settlement. Specifically, the settlement was obtained after an arm's length negotiation with an experienced and well-respected mediator, Mr. Bruce Friedman, Esq. with JAMS.

The Court finds the settlement avoids prolonged litigation and provides the Settlement Class with an opportunity for the benefits of a class-wide settlement in the present rather than an uncertain outcome in the future.

The Court finds each side possessed "ample information with which to evaluate the merits of the competing positions." *Ayers*, 358 F.3d at 369. As such, the parties' negotiations, and in turn the settlement, were based on realistic, independent assessments of the merits of the claims and defenses in this case.

Under the terms of the Settlement Agreement submitted by the parties, including Sections III.5 through III.8, thereof, each Settlement Class Member who submits a valid Claim Form in accordance with the requirements of the Settlement Agreement reflecting that he or she meets the criteria established in Section III.6 of the Settlement Agreement, shall receive a Settlement Award, consisting, at the Settlement Class Member's election, of either: (1) payment by check of $10 for the first text received from Defendants and $7 for the second text received from Defendants, if any (a "Cash Settlement Payment"); or, alternatively, (2) a $25 voucher for the first text received from Defendants and a $15 voucher for the second text from Defendants, if any (a "Voucher Award"). Additional terms, conditions and limitations on the number of Settlement Awards that may be issued to a Settlement Class Member and on the use and expiration of Settlement Awards are set forth in Sections III.5 through III.8 of the Settlement Agreement and in the Notice. The Court preliminarily finds the settlement terms to be sufficiently fair and adequate in the context of the litigation, bringing finality, certainty and relief to the Settlement Class, so as to warrant providing Notice to the preliminarily certified Settlement Class.

The Court confirms that Plaintiff Michael Parker is appointed as the Class Representative. Given the recent decision from the Eleventh Circuit Court of Appeals, *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020), no service award will be approved for the class representative.

The Court appoints the following attorneys and firms as Class Counsel: Abbas Kazerounian and Mona Amini of Kazerouni Law Group, APC; and Kevin J. Cole of KJC Law Group, APC.

The Court preliminarily appoints Kurtzman Carson Consultants LLC as the third-party Claims Administrator.

Based on the parties' good faith basis for the settlement, set forth in the Amended Joint Motion for Preliminary Approval, the Court finds that the Settlement Agreement should be approved preliminarily.

Similarly, the Court preliminarily finds that the Notice of Proposed Class Action Settlement in the forms set forth in Exhibit C to the Settlement Agreement ("Notice") meets the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and comports with due process by clearly notifying class members of their rights, as well as a reasonable timeframe

within which to exercise those rights. Thus, the Court approves the proposed notice plan and procedures set forth in Section III.9 of the Settlement Agreement, the language of the Notice proposed by the parties. Further, the Court preliminarily finds that the claim procedures set forth in Sections III.7 through III.8 of the Settlement Agreement and the form of the Claim Form set forth in Exhibit B to the Settlement Agreement are fair, reasonable and adequate. These preliminary findings do not prejudice the rights of any Settlement Class Member to object to the Notice or claim procedures at the Final Approval Hearing.

The Court further approves the procedures and requirements for Settlement Class Members to participate in, exclude themselves from (i.e., opt out of), or object to the Settlement, as set forth in Sections III.10 and III.20 of the Settlement Agreement and as further described in the Notice. Any Settlement Class Member who does not submit a timely and valid written request for exclusion from the Settlement Class: (i) waives the right to do so in the future; (ii) will be bound by all proceedings, orders and judgments in this action, including the terms of the Settlement and; (iii) upon entry of a Final Approval Order will be bound by the releases of all Released Claims as against all Released Parties, as defined in Section III.12 of the Settlement Agreement, and be barred and enjoined from asserting any of the Released Claims against any Released Parties. Any Settlement Class Member who does not submit a timely and valid objection in accordance with this Order will be deemed to have waived the right to object be barred from raising their objections to the Settlement or Final Approval Order in this or any other proceeding, including in an appeal.

Finally, the Court sets this case for hearing for final approval of the settlement ("Final Approval Hearing") on _____, 2021 at _____ AM/PM, at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, Courtroom 13A. The parties are directed to include this hearing date, time and location in the Notice to be sent pursuant to the notice plan. The Court may continue or reschedule the Final Approval Hearing without further notice to the Settlement Class. At that hearing, the Court will consider and/or determine, among other things: (i) whether to finally certify a Settlement Class for settlement purposes only; (ii) whether the Settlement should be finally approved as fair, reasonable, and adequate; (iii) whether the Notice and claim procedures comply with Federal Rule of Civil Procedure 23 and due process; (iv) the amount of attorneys' fees and costs to be awarded to Class Counsel; and (v) whether the Final Approval Order approving the Settlement, dismissing all

claims asserted in this action on the merits and binding the Settlement Class Members to the Releases set forth in the Settlement Agreement should be entered.

Pursuant to Sections III.22 and III.25 of the Settlement Agreement, if the Settlement does not obtain final approval from this Court, or is otherwise terminated on one of the grounds set forth in Section III.22 of the Settlement Agreement, then the Settlement Agreement shall be null and void and of no further force and effect, this preliminary approval Order (including as to the preliminary and conditional certification of the Settlement Class) shall be vacated *ab initio*, and the Settling Parties' rights and defenses shall be restored to their respective positions as if the Settlement Agreement had never been executed and as if this preliminary approval Order had never been entered and the Settlement Class had never been certified, without prejudice or relevance to the Court's consideration on the merits of any arguments for or against a properly submitted motion for class certification. Further, in that event, in accordance with Sections III.22 and III.25 of the Settlement Agreement, neither the Settlement, nor the fact that an agreement to settle this action was reached, nor the settlement terms, nor this preliminary approval Order, shall be admissible against any Settling Party, in this or any other action, for any purpose whatsoever, including, without limitation, for the purpose of arguing or suggesting that a class can or appropriately would be certified.

Pending the Final Approval Hearing, all discovery, pretrial and other proceedings in this action are stayed and suspended, except for proceedings necessary to carry out or enforce the terms of the Settlement and/or this Order, including the confirmatory discovery specified in Section III.15 of the Settlement Agreement. To facilitate administration of the Settlement pending final approval, the Court hereby enjoins all Settlement Class Members from filing or prosecuting any claims or suits regarding Claims released by the Settlement unless and until such Settlement Class Members have submitted valid requests for exclusion.

Unless otherwise specified, defined terms or capitalized terms in this Order have the same meaning as in the Settlement Agreement.

//

//

If any deadline set by this Order falls on a non-business day, then the deadline is extended until the next business day.

The Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date |
|---|---|
| Deadline for Settlement Administrator to disseminate Notice and set up Settlement Website ("Notice Date") | |
| Deadline For Filing A Claim | |
| Deadline For Objections | |
| Deadline For Opt Outs (Exclusion Requests) | |
| Deadline for Motion for Attorney's Fees and Costs | |
| Deadline for Motion for Final Approval | |
| Final Approval/Fairness Hearing | |

**DONE AND ORDERED** at Tampa, Florida on _____, 2021.

_____
Hon. Charlene Edwards Honeywell
United States District Judge

# EXHIBIT B

## *Parker v. Stoneledge Furniture, LLC and Southwestern Furniture of Wisconsin, LLC d/b/a Ashley Furniture Settlement,* Case No. 8:21-cv-00740-CEH-AEP

### CLAIM FORM

**DEADLINE: THIS CLAIM FORM MUST BE FULLY COMPLETED, SIGNED AND POSTMARKED OR ELECTRONICALLY SUBMITTED BY [MONTH DAY, YEAR].**

**YOU MUST SUBMIT THIS CLAIM FORM TO RECEIVE A SETTLEMENT AWARD.** Please note that if you are a Settlement Class Member, the Settlement Class Member Verification section below requires you to state, under penalty of perjury, that all information contained therein is true and correct. This Claim Form may be researched and verified by the Claim Administrator.

Return this Claim Form to: Claim Administrator, PO Box xxxx, OR submit it electronically through the Settlement Website at **www.XXX.com**.

| YOUR CONTACT INFORMATION |
|---|

Name: _____  _____  _____
    (First)          (Middle)          (Last)

Current Address: _____

_____  _____  _____
    (City)          (State)          (ZIP Code)

Current Email Address (if any):

Current Phone Number: (    )    –    **or** ☐ check if same as below

(Please provide a phone number where you can be reached if further information is required.)

| SETTLEMENT CLASS MEMBER VERIFICATION |
|---|

By submitting this claim form, I declare under penalty of perjury that: **(1) During the period between May 1, 2017 and September 30, 2020, I received one or more text messages on my cellular telephone from Ashley Furniture, (2) without my prior express consent and (3) such text(s) did not serve purely to consummate a purchase transaction (such as a text solely to set up a delivery time) but instead marketed Ashley Furniture's goods or services.**

| SETTLEMENT AWARD ELECTION |
|---|

**Claim ID Number:** _____
(found on the Notice of Settlement you received)

**Number of Texts You Received from Ashley Furniture Without Consent**: _____

**Telephone Number on Which You Received the Text(s):** (    )    –

**Telephone Number on Which You Received a 2nd Text (**only answer if you received more than one text**)**: (    )    –

**Selected Award:**    ☐ **Cash Settlement Payment**    **or**    ☐ **Voucher Award**

**I declare under penalty of perjury that the foregoing information provided is true and correct.**

Signature: _____    Date: _____

Print Name: _____

**If you have questions, visit the Settlement Website at www.XXX.com or call the toll free interactive voice response at 1-xxx-xxx-xxxx.**

# EXHIBIT C

**Exhibit C1 – Short-Form Postcard and E-mail Notice**

## A COURT AUTHORIZED THIS LEGAL NOTICE

**If you received one or more autodialed text messages on your cellular telephone from Ashley Furniture without your prior express consent between May 1, 2017 through September 30, 2020, you may be entitled to compensation under a class action settlement.**

A settlement has been reached in a class action lawsuit, *Michael Parker v. Stoneledge Furniture, LLC and Southwestern Furniture of Wisconsin, LLC d/b/a Ashley Furniture*, Case No. 8:21-cv-00740, where plaintiff alleges that the defendants (collectively, "Defendants" or, for convenience only, "Ashley Furniture") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C), by sending unsolicited autodialed text messages to cellular telephones without the recipients' prior express consent. Defendants deny these allegations and have asserted defenses. In agreeing to settle, Defendants do not admit any wrongdoing. This is not a lawsuit against you. You may receive compensation from this settlement. Further details are set forth on the reverse side and on the Settlement Website: www.XXX.com

Settlement Claims Administrator
P.O. Box XXXXX
City, State Zip Code

**<<Barcode>>**
Postal Service: Please do not mark barcode

Claim #:
<<First1>> <<Last1>>
<<CO>>
<<Addr >>
<<City>>, <<St.>> << Zip>>

***Michael Parker v. Stoneledge Furniture, LLC and Southwestern Furniture of Wisconsin, LLC d/b/a
Ashley Furniture***, Case No. 8:21-cv-00740-CEH-AEP, U.S. District Court Middle District of Florida

**The purpose of this Notice is to inform the Settlement Class of the terms of the settlement and
important deadlines relating to the settlement, as summarized below and described more fully on
the Settlement Website: <mark>www.XXX.com.</mark>**

## WHO IS A SETTLEMENT CLASS MEMBER?

You may be a member of the proposed "Settlement Class" if Defendants or their agent(s) sent one or
more text messages to your cellular telephone through the use of an automatic telephone dialing system
on or after May 1, 2017, through September 30, 2020, without your prior express consent. However,
excluded from the Settlement Class are, among others, persons to whom text messages were sent purely
to consummate a purchase transaction with Ashley Furniture, such as text messages sent to set up time for
delivery of a purchase. Additional details on exclusions from the Settlement Class are set forth in the
Settlement Agreement available on the Settlement Website. If you received this notice, Defendants'
records reflect that you may be a Settlement Class Member.

## SETTLEMENT TERMS

Each Settlement Class Member who submits a valid and timely Claim Form demonstrating they meet the
eligibility requirements may select a Settlement Award consisting of **either**: (i) payment by check of $10
for the first unsolicited text received from Ashley Furniture and $7 for the second unsolicited text
received, if any (a "Cash Settlement Payment"); or (ii) a $25 voucher for the first unsolicited text received
from Ashley Furniture and a $15 voucher for the second unsolicited text received, if any (a "Voucher
Award"). However, a Settlement Class Member can only receive a maximum of two Settlement Awards
(*i.e.* no more than $17.00 in Cash Settlement Payment(s) or $40.00 in Voucher Award(s)). Voucher
Awards shall only be redeemable for purchases on the Ashley Furniture website,
www.ashleyfurniture.com and cannot be combined with, or redeemed on the same purchase transaction
with, any other coupon, voucher, or Ashley price promotion. No more than two Voucher Awards can be
used on any given purchase transaction (i.e., no more than $40.00 in Voucher Award credit per
transaction). Voucher Awards shall not be redeemable for cash and no cash or further credit shall be
refunded for the unused portion of a Voucher Award employed for a particular transaction. Additional
terms and conditions regarding the use and expiration of Voucher Awards are set forth on the Settlement
Website.

## YOUR RIGHTS AND OPTIONS

**Submit a Claim Form**. To receive a Settlement Award, you must submit a valid Claim Form by no later
than <mark>Month XX, XXXX</mark>. You may get a Claim Form on the Settlement Website, <mark>www.XXX.com</mark>. Claim
Forms may be submitted by either U.S. Mail to the Claims Administrator at: P.O. Box
<mark>XXX_____</mark> OR electronically via the Settlement Website (**<mark>www.XXX.com</mark>).** You must
demonstrate on the Claim Form that you meet the requirements to be eligible for a Settlement Award by
stating: (i) that you did not provide consent to Ashley Furniture to receive marketing text messages; (ii)
that you received one or more text messages from Ashley Furniture without consent (and setting forth
whether it was one, or more than one, such text messages); (iii) the cell phone number at which you
received such text(s) and/or your Claim ID number (which is <mark>XXXXX</mark>); and (iv) **whether you elect to
receive settlement compensation in the form of either a Cash Settlement Payment or, instead, a
Voucher Award**. Settlement Class Members may only submit one claim. See the Settlement Website for
more details.

**Exclude Yourself**. You may exclude yourself from the Settlement Class and keep your right to sue
Defendants on your own by sending a written request for exclusion to the following addresses (not the
Court): (1) Claims Administrator, **Case No. 8:21-cv-00740-CEH-AEP** <mark>c/o [NAME], [ADDRESS]</mark>; (2)

Class Counsel, Kazerouni Law Group, APC c/o Abbas Kazerounian, 245 Fischer Avenue, Suite D1 Costa Mesa, CA 92626; and (3) Ashley Furniture Counsel, Norton Rose Fulbright US LLP c/o Jackie Karama, 555 South Flower Street, 41st Floor, Los Angeles, CA 90071. The request must be postmarked no later than _____ [90 calendar days after the date of entry of the Preliminary Approval Order]. To be valid, the exclusion request must contain specific information that is described on the Settlement Website.

**Object**. If you do not exclude yourself, you have the right to comment or object to the proposed settlement, including as to Class Counsel's request for an award of attorneys' fees, costs and expenses not to exceed $400,000 ("Fee Request"). Written objections must be signed and provide the reasons for the objection. Objections must be filed with the Court and sent to the Claims Administrator, Class Counsel and Defendants' Counsel at the addresses listed above. Even if you submit a valid and timely objection, to benefit from this settlement you must complete a Claim Form. See the Settlement Website for more details.

**Do Nothing**. If you do nothing, you will not receive any Settlement Award but will remain part of the Settlement Class, will release your claims against the Released Parties and lose the right to sue regarding the Released Claims, as defined in the Settlement Agreement. See the Settlement Website for more details.

**The Final Approval Hearing**. The Court has set a hearing to decide whether the settlement should be approved, including Class Counsel's Fee Request, on Month XX, XXXX at X:00 a.m. in Courtroom 1330 of the U.S. District Court for the Middle District of Florida, located at 801 N. Florida Ave., Tampa, Florida 33602. The hearing may be changed by the Court without notice. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

Complete details about your rights and options are available on the Settlement Website, www.XXX.com. **Please do not call the Court, Ashley Furniture or Defendants' Counsel.**

<u>*Parker v. Stoneledge Furniture, LLC et al.*</u>, Case No. 8:21-cv-00740-CEH-AEP
**United States District Court Middle District of Florida**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

# If you received one or more autodialed text messages on your cellular telephone from Ashley Furniture without your prior express consent between May 1, 2017 through September 30, 2020, you may be entitled to compensation under a class action settlement.

- A Settlement has been reached in a class action lawsuit about whether Stoneledge Furniture LLC and/or Southwestern Furniture of Wisconsin, LLC d/b/a Ashley Furniture (collectively referred to as "Defendants" or for convenience as "Ashley Furniture") sent text messages to cellular telephone numbers without prior express written consent of the recipients as defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227 (b)(1)(C) ("TCPA"). Defendants deny the allegations and any wrongdoing. The Court has not decided who is right.

- The Settlement offers Settlement Awards to Settlement Class Members who file valid Claims.

- Your legal rights may be affected whether you act or do not act. **Please Read This Notice Carefully**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DATE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | If you are a member of the Settlement Class, you must submit a completed Claim Form to receive a Settlement Award. If the Court approves the Settlement and it becomes final and effective, you remain in the Settlement Class, and you submit a valid Claim Form, then, depending on which you select, you will receive either a Cash Settlement Payment by check or a Voucher Award by email. | |
| **EXCLUDE YOURSELF** | You may request to be excluded from the Settlement and, if you do, you will receive no benefits from the Settlement. | |
| **OBJECT** | You may write to the Court if you do not like the Settlement. | |
| **GO TO A HEARING** | You may ask to speak in court about the fairness of the Settlement. | |
| **DO NOTHING** | You will not receive a Settlement Award if you fail to timely submit a completed Claim Form, and you will give up your right to bring your own lawsuit against Defendants about the Claims in this case. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying Claim Forms. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BACKGROUND INFORMATION**...................................................................................**PAGE 3**

1. Why was this Notice issued?

2. What is this Action about?

3. Why is this a class action?

4. Why is there a Settlement?

5. How do I know if I am part of the proposed Settlement Class?

6. What is the significance of capitalized words?

**THE PROPOSED SETTLEMENT – WHAT SETTLEMENT CLASS MEMBERS GET**.......**PAGE 4**

7. What relief does the Settlement provide to the Settlement Class Members?

**HOW TO OBTAIN A SETTLEMENT AWARD**.......................................................**PAGE 5**

8. How can I get a Settlement Award?

9. When would I receive a Settlement Award?

10. Will my settlement award expire?

**THE LAWYERS IN THIS CASE**..........................................................................**PAGE 6**

11. Do I have a lawyer in this case?

12. How will the lawyers be paid?

**RELEASE OF CLAIMS BY SETTLEMENT CLASS MEMBERS**..........................**PAGE 6**

13. What am I giving up to stay in the Settlement Class and obtain relief under the Settlement?

**HOW TO EXCLUDE YOURSELF FROM, OR OBJECT TO, THE SETTLEMENT**...........**PAGE 7**

14. How do I exclude myself from the Settlement?

15. If I exclude myself from the Settlement can I still receive or use a Settlement Award?

16. If I do not exclude myself from the Settlement, can I sue later?

17. How do I tell the Court if I do not like (*i.e.,* I object to) the Settlement terms?

18. What is the difference between excluding myself and objecting?  Can I do both?

**FINAL APPROVAL HEARING**.............................................................................**PAGE 9**

19. What is the Final Approval Hearing?

20. When and where is the Final Approval Hearing?

21. Do I have to come to the Final Approval Hearing?

22. May I speak at the Hearing?

23. When will the Settlement become Effective?

2

**GETTING MORE INFORMATION**........................................................................................**PAGE 10**

24.     How do I get more information?

**KEEP READING**

Questions? Call 800-XXX-XXXX or visit the Settlement Website: www.XXX.com

---

**BACKGROUND INFORMATION**

**1.  Why was this Notice issued?**

This notice was issued because a settlement ("Settlement") has been proposed and been preliminarily approved by the Honorable Charlene Edwards Honeywell (the "Court") in the putative class action lawsuit pending in the United States District Court for the Middle District of Florida entitled *Michael Parker v. Stoneledge Furniture, LLC and Southwestern Furniture of Wisconsin, LLC d/b/a Ashley Furniture,* Case No. 8:21-cv-00740 (the "Action"). The Court authorized this Notice because you have a right to know about the proposed Settlement and all of your options so that you may decide what actions to take in relation to it if you meet the conditions to be a Settlement Class Member and are eligible for the relief detailed below.  This Notice explains the Action, the general terms of the proposed Settlement, your legal rights and obligations, how to object to the Settlement, how to exclude yourself from the Settlement, upcoming deadlines, and the Final Approval Hearing on the proposed Settlement.

**2.  What is the Action about?**

In the Action, plaintiff alleges that defendants Stoneledge Furniture, LLC and Southwestern Furniture of Wisconsin, LLC d/b/a Ashley Furniture (referred to collectively as "Defendants" or, for convenience only, as "Ashley Furniture") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C), by transmitting unsolicited text messages using an automatic telephone dialing system to plaintiff and the putative class members without the recipients' prior express consent. Defendants  deny any wrongdoing and any liability whatsoever. The Court has made no determination of any wrongdoing or liability.

**3.  Why is this a class action?**

In a class action, one or more people called a "Class Representative" (in this case, plaintiff Michael Parker) sue on behalf of people who may have similar claims ("Class Members").  For purposes of this proposed Settlement, one court will resolve the issues for all Class Members, except for those people who exclude themselves from the Class, as explained in the answers to Question Nos. 14 to 16, below.

**4.  Why is there a Settlement?**

The Court has not decided this case for or against either side.  Instead, both sides have agreed to settle. That way, they avoid the cost of a trial and other court proceedings and the risk of losing, and the putative class members will receive relief now rather than years from now, if at all.  The Class Representative and Class Counsel think the Settlement is in the best interest of all Settlement Class Members.   The Settlement does not mean that Defendants did anything wrong.

**5**.  **How do I know if I am part of the proposed Settlement Class?**

The Court has decided that everyone who fits the following description is a Settlement Class Member for purposes of the proposed Settlement:

"All persons throughout the United States to whom Ashley Furniture and/or its agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, without prior express consent during the Class Period, between May 1, 2017 and September 30, 2020." However, **excluded from the Class are**:

(i) persons to whom Ashley Furniture and/or its agent(s) sent, or caused to be sent, a text message purely to consummate a purchase transaction, such as text messages solely sent to set up time for delivery of a purchase;

(ii) Ashley Furniture and any parent, subsidiary, affiliate or controlled person of Ashley Furniture; and

(iii) individuals who are officers, directors, agents, servants or employees of Ashley Furniture, or any parent, subsidiary or affiliate of Ashley Furniture, and the immediate family members of all such persons.

If you meet the conditions set forth above and are not excluded on one of the grounds listed in sub-paragraphs (i) through (ii), above, then you are a Settlement Class Member and will be included in the Settlement Class unless you choose to affirmatively exclude yourself from (opt out of) the Settlement Class, as provided in the answers to Question Nos. 14 to 16, below.

**6. What is the significance of capitalized words in this Notice and in the Settlement Agreement?**

The significance of capitalized words in this Notice is that they correspond to terms that are defined in the Settlement Agreement. Certain of those defined terms are also set out in this Notice, but for those that are not, you can refer to the Settlement Agreement, which can be obtained by visiting www.XXX.com.

| THE PROPOSED SETTLEMENT – WHAT SETTLEMENT CLASS MEMBERS GET |
|---|

**7. What relief does the Settlement provide to Settlement Class Members?**

Each Settlement Class Member who submits a valid and timely Claim Form demonstrating that they meet the eligibility requirements discussed below and set forth in Section III.6 of the Settlement Agreement may select a Settlement Award consisting of **either**:

(i) payment via check of $10 for the first unsolicited text that was received from Ashley Furniture and $7 for the second unsolicited text received from Ashley Furniture, if any (a "Cash Settlement Payment"); or

(ii) a $25 voucher for the first unsolicited text that was received from Ashley Furniture and a $15 voucher for the second unsolicited text from Ashley Furniture, if any (a "Voucher Award").

A Settlement Class Member can only receive a maximum of two Settlement Awards (*i.e.* no more than a total of $17.00 in Cash Settlement Payment(s) or $40.00 in Voucher Award(s)). No more than two Voucher Awards can be used on any given purchase transaction (i.e., no more than $40.00 in Voucher Award credit per transaction). Voucher Awards shall only be redeemable for purchases on the Ashley Furniture website, www.ashleyfurniture.com. Voucher Awards cannot be combined with, or redeemed on the same purchase transaction with, any other coupon, voucher, or Ashley price promotion represented by a coupon or voucher. Voucher Awards must be used on a purchase transaction and cannot be redeemed or applied toward any transaction involving either (i) purchase financing through or arranged by Ashley Furniture Industries, LLC or any affiliate or subsidiary thereof, or (ii) any lease or rent to own transaction. Voucher Awards will expire no earlier than eighteen (18) months after they are issued.

4

Voucher Awards shall be fully transferable, subject to certain fraud protections and the conditions and qualifications of usage set forth above and further described in Section III.5 of the Settlement Agreement, which conditions and qualifications of usage shall apply fully with respect to any transferee, whether or not such transferee is on notice of the conditions herein or in any of the related documents or court orders provided to or made available to Settlement Class Members. Voucher Awards shall not be redeemable for cash or otherwise except as a credit toward a purchase on www.ashleyfurniture.com, and no cash or further credit shall be refunded for the unused portion of a Voucher Award employed for a particular transaction. Ashley Furniture shall not be responsible for any payments or obligations to the Settlement Class Members other than those specified in this Agreement or ordered by the Court.

## HOW TO OBTAIN A SETTLEMENT AWARD

### 8. How can I get a Settlement Award?

To qualify for a Settlement Award, you must complete and send in a Claim Form by Month XX, 20XX. In addition, you must also demonstrate in the Claim Form that you meet the requirements to be eligible for a Settlement Award by stating:

(i) that you did not consent to Ashley Furniture to receive marketing text messages;
(ii) the number of text messages you received from Ashley Furniture without consent and not purely to consummate a purchase transaction (such as a text message solely sent to set up a delivery); and
(iii) the cell phone number on which you received such text(s) or, if not known, the unique claim identification ("Claim ID") number that you received in the notice of settlement.

Further, **you must indicate in the Claim Form whether you choose to receive a Settlement Award consisting of a Cash Settlement Payment or, instead, you choose a Voucher Award**, subject to the terms and conditions set forth in Section 7 above (*e.g.*, a Cash Settlement Payment of $10 if you received one eligible text or $17 if you who received multiple eligible texts; or a Voucher Award of $25 if you received one eligible text or $40 if you received multiple eligible texts).

You may get a Claim Form on the Settlement Website, www.XXX.com. **Read the instructions carefully, fill out the Claim Form completely and accurately, sign it, and submit it**. To be valid, the Claim Form must be completed fully and accurately and submitted timely. A Claim Form may be submitted by mail to the claims administrator at: _____[ADDRESS]_____ or via the Settlement Website. If you submit your Claim Form via the Settlement Website, it must be submitted no later than Month XX, 20XX. If you mail your Claim Form to the claims administrator, it must be postmarked by Month XX, 20XX. Settlement Class Members may only submit one claim.

### 9. When would I receive a settlement award?

The Court will hold a Final Approval Hearing on Month XX, 20XX to decide whether to approve the settlement. If the Court approves the settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone entitled to a settlement award will be informed of the progress of the settlement through information posted on the Settlement Website at www.XXX.com. **Please be patient**.

### 10. Will my settlement award expire?

**YES.** Cash Settlement Payment checks will become void one hundred eighty-one (181) days after issuance. If you fail to cash the check within that time period, you will be deemed to have forever waived

and released your claim for payment. Voucher Awards will expire eighteen (18) months after they are issued, although Ashley Furniture has the option at its sole discretion to increase the expiration date of Voucher Awards. If you fail to use the Voucher Award within that time period, you will be deemed to have forever waived and released your claim for payment. Please act promptly.

## THE LAWYERS IN THIS CASE

### 11. Do I have a lawyer in this case?

**YES.** For purposes of this Settlement, the Court has appointed the following attorneys as Class Counsel to represent the interests of all Settlement Class Members.

Abbas Kazerounian
Mona Amini
Kazerouni Law Group APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

Kevin Cole
KJC Law Group, A.P.C.
9701 Wilshire Blvd., Ste 1000
Beverly Hills, CA 90212-2010

### 12. How will the lawyers be paid?

Class Counsel will ask the Court to award them attorneys' fees and costs not to exceed $400,000.00 ("Fee Award"), to be paid by Defendants. The Court may award less than these amounts. You will not be required to pay any portion of these attorneys' fees and other costs and the payment of these fees and costs will not affect or reduce the benefits that you may be entitled to under this Settlement.

## RELEASE OF CLAIMS BY SETTLEMENT CLASS MEMBERS

### 13. What am I giving up to stay in the Settlement Class and obtain relief under the Settlement?

If the Settlement obtains Final Judicial Approval, then Settlement Class Members, except those who file a proper and timely notice of intent to be excluded or "opt-out," will be subject to this Settlement, the Release of Claims in the Settlement Agreement and the Final order and judgment approving the Settlement and dismissing with prejudice the claims of the Settlement Class (the "Final Approval Order"). This means that unless you exclude yourself, you will remain in the Settlement Class, and that you cannot sue, continue to sue, or be part of any other lawsuit asserting any of the Released Claims against any of the Released Parties. It also means that all of the Court's orders in this case related to the Settlement will apply to you and legally bind you. If you stay in the Settlement Class, you are releasing various claims and parties, as described below and in Sections II.N, II.O, III.8.d and III.12 of the Settlement Agreement.

**Released Claims and Released Parties**

Effective upon entry of the Final Approval Order, Plaintiff Michael Parker and each and every Settlement Class Member who does not timely and properly opt out of the proposed Settlement Class as required pursuant to the Settlement Agreement, this Notice and any order of the Court, for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, on behalf of themselves and the heirs, administrators, executors, successors, assigns, affiliates, parents, subsidiaries,

owners, directors, officers, members, managers, employees, agents, and/or representatives of any of them, (collectively the "Releasing Parties"), DO FULLY, FINALLY, AND FOREVER SETTLE, RELEASE, AND FOREVER DISCHARGE the Released Parties (as defined in Section III.12.a of the Settlement Agreement) from the Released Claims (as defined in Section III.12.b of the Settlement Agreement), and are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever. The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, facts, demands, injuries, or damages that are unknown or unsuspected to exist at the time this Agreement is executed and approved by the trial court, are hereby expressly, knowingly, and voluntarily waived by the plaintiff Michael Parker and each and every Settlement Class Member. In addition, to the extent applicable, the Settlement Class Members waive the application of Section 1542 of the California Civil Code, which provides that: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR" or any similar provision in any state or federal law.

## HOW TO EXCLUDE YOURSELF FROM, OR OBJECT TO, THE SETTLEMENT?

**14. How do I exclude myself from the Settlement?**

If you otherwise qualify as a Settlement Class Member, but do **not** want to be part of the Settlement Class and do **not** want to be legally bound by the Settlement, you must exclude yourself (*i.e.*, opt out) by sending a written, signed statement that you request to be excluded from the Settlement Class by mail. You cannot exclude yourself by phone or e-mail. Requests for exclusion must be sent by mail to **all three of** the following addresses:

Claims Administrator
Case No. 8:21-cv-00740
c/o [NAME], [ADDRESS AT KCC]

Kazerouni Law Group, APC c/o Abbas Kazerounian,
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

Norton Rose Fulbright US LLP c/o Jackie Karama,
555 South Flower Street, Forty-First Floor,
Los Angeles, California 90071

The requests for exclusion must be postmarked no later than _____ [90 calendar days after the date of entry of the Preliminary Approval Order]. To be valid, the requests for exclusion must include your full name, current address, and your Claim ID number included in the Notice or the cellular telephone number(s) on which you received the text message(s) from Ashley Furniture, and expressly state your desire to be excluded.

Any Settlement Class Member who does not properly and timely request to be excluded shall be deemed to have waived all rights to opt out from, and shall be deemed a member of, the Settlement Class for all purposes, and regardless of whether he or she has filed objection to the Settlement.

**15. If I exclude myself from the Settlement can I still use the Cash Settlement Payment or Voucher Award?**

**NO.** If you timely exclude yourself, you cannot participate in this Settlement, which means you are not eligible for and are not permitted to receive or use either a Cash Settlement Payment or Voucher Award. In that event, you would retain all rights, claims, and causes of action that you might have against Ashley Furniture or the other Released Parties (as defined in the Settlement Agreement) should you choose to sue any of them on your own.

**If you choose to exclude yourself from the Settlement, then you cannot receive or use the Cash Settlement Payment or Voucher Award.** If you or a transferee uses the Cash Settlement Payment or Voucher Award, that will be deemed a waiver of your exclusion from the Settlement – *i.e.*, you will then be bound by the Settlement.

**16. If I do not exclude myself from the Settlement, can I sue Ashley Furniture or other Released Parties later?**

**NO.** If you meet the conditions to be a Settlement Class Member, unless you timely exclude yourself, then you will be in the Settlement Class and bound by the Release of Claims in the Final Approval Order. This means that you cannot sue, continue to sue, or be part of any other lawsuit against Ashley Furniture or the Released Parties concerning the factual allegations, claims, or issues in this case or any of the other Released Claims and that the Court's Final Approval Order will apply to you and legally bind you.

**17. How do I tell the Court if I do not like (*i.e.*, I object to) the Settlement terms?**

If you do not exclude yourself from the Settlement Class as provided in the Response to Question No. 15, above, you can object to one or more of the terms of the Settlement or provide notice of your intention to appear at the Final Approval Hearing to lodge such objection, by: (1) mailing any such objection to or file any such objection with the Court on or before Month XX, 20XX [90 days after date of entry of Preliminary Approval Order]; and (2) provide a copy of the objection to each of:

Claims Administrator
Case No. 8:21-cv-00740, c/o [NAME], [ADDRESS]

Kazerouni Law Group, APC c/o Abbas Kazerounian
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626

Norton Rose Fulbright US LLP c/o Jackie Karama
555 South Flower Street, Forty-First Floor,
Los Angeles, California 90071

A written objection or notice of intention to appear must include: (a) your name, address, and telephone number, as well as the Claim ID number included in the Notice or the cellular telephone number(s) on which you received the text message(s) from Ashley Furniture; (b) the words "Notice of Objection," "Objection;" or "Notice of Intent to Appear"; (c) in clear and concise terms, the legal and factual arguments supporting the objection; (d) whether you intend to speak at the Final Approval Hearing; and (e) identification of any exhibits or testimony you intend to submit at the Final Approval Hearing in support of the objection. Your Objection will not be valid if it only objects to the Action's appropriateness or merits.

If you or your attorney intend to make an appearance at the Final Approval Hearing you or your attorney must also: (a) file a notice of appearance with the Court no later than ten (10) days prior to the Final Approval Hearing, or as the Court may otherwise direct; and (b) serve a copy of such notice of appearance on all counsel for all Settling Parties. For any attorney representing an objector, the attorney

shall file a declaration listing all objections previously filed for anyone, the case name, court, and case number, and how much, if any amount, was paid in connection with the objection.

Settlement Class Members who do not make objections in the manner described herein will be deemed to have waived any objections and will be foreclosed from making any objections (whether by appeal or any other process) to the Agreement. Only Settlement Class Members who timely submit written objections and/or notices of intention to appear can speak at the Final Approval Hearing.

Any Settlement Class Member who does not file a timely written request for exclusion from the Settlement Class shall be bound by the terms of this Agreement, including specifically, but not limited to, the Releases described herein and set forth in Section III.12 of the Settlement Agreement, without regard to whether such Settlement Class Member submits or does not submit a Claim Form in accordance with the terms of this Agreement and without regard to whether such Claim Form is denied pursuant to the procedures set forth in Section III.9 of the Settlement Agreement.

## 18. What is the difference between excluding myself and objecting? Can I do both?

Objecting means you are telling the Court that you want to be part of the Settlement Class but disagree with something about the Settlement terms. You can only object if you intend to stay in the Settlement Class, and be bound by the Settlement if it is approved by the Court. Excluding yourself, on the other hand, is telling the Court you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you. Thus, you cannot both exclude yourself and object.

## THE COURT'S FINAL APPROVAL HEARING

## 19. What is the Final Approval Hearing?

The purpose of the Final Approval Hearing will be for the Court to decide whether to finally approve the Settlement, including a Fee Award to Class Counsel, and to enter a Final Approval Order thereon. Among other things, the Court will consider whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. If there are objections, the Court will consider them. If the Court approves the Settlement, then a Final Approval Order approving the Settlement and dismissing with prejudice the claims of the Settlement Class will be issued. If the Court disapproves the Settlement, then the Action will continue and the rights and duties set out in the Settlement will be void as if no Settlement had been reached.

## 20. When and where is the Final Approval Hearing?

The Court will hold a Final Approval Hearing at _____ a.m. on _____, 2021, in Courtroom 1330 of the U.S. District Court for the Middle District of Florida, located at 801 N. Florida Ave., Tampa, Florida 33602, before the Charlene Edwards Honeywell.

## 21. Do I have to come to the Final Approval Hearing?

**NO.** You are not required to attend the Final Approval Hearing. Class Counsel and Defense Counsel will answer any questions the Court may have, but you are welcome to attend at your own expense.

## 22. May I speak at the Final Approval Hearing?

**YES.** If you wish to speak at the Final Approval Hearing, you are permitted to do so, but only if you have timely and properly given notice of your intention to do so as described in the answer to Question

No. 17, above.

**23. When will the Settlement become effective?**

The Settlement will become effective after it reaches its "Effective Date" and obtains "Final Judicial Approval." The "Effective Date" will be the date five (5) calendar days after the date on which both of the following are true: (a) the Court has signed the Final Approval Order dismissing with prejudice the claims of all Settlement Class Members (including Plaintiff) except those who properly excluded themselves from the Settlement Class as provided in the Notice and (b) the time for filing an appeal has expired or, if appeals are filed, the date on which the Final Approval Order has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review

If the Settlement does not obtain Final Judicial Approval, then the Action will continue and the rights and duties set out in the Settlement will be void as if no Settlement had been reached.

| ADDITIONAL INFORMATION |
| --- |

**24. How do I get more information about the Settlement?**

This Notice is intended to summarize the Settlement. More details are set forth in a Settlement Agreement. To view the Settlement Agreement, additional information, or if you have questions, visit www.XXX.com.

**PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT, OR THE JUDGE WITH QUESTION ABOUT THE SETTKEMENT OR CLAIMS PROCESS.**

# EXHIBIT D

| | |
|---|---|
| MICHAEL PARKER, individually and on behalf of all others similarly situated, | Case No. 8:21-cv-00740-CEH-AEP |
| Plaintiff, | |
| v. | |
| STONELEDGE FURNITURE, LLC and SOUTHWESTERN FURNITURE OF WISCONSIN, LLC d/b/a ASHLEY FURNITURE, | |
| Defendants. | |

### [PROPOSED] ORDER GRANTING FINAL APPROVAL AND JUDGMENT

This matter comes before the Court on the parties' Joint Motion for Final Approval of Settlement (Dkt. No. ____). Having considered the settlement, all papers and proceedings held herein, and having reviewed the record in this action, the Court finds as follows:

On _____, 2021, the parties notified the Court a settlement had been reached between Plaintiff MICHAEL PARKER ("Mr. Parker," or "Plaintiff"), individually and on behalf of all others similarly situated, and Defendants STONELEDGE FURNITURE, LLC and SOUTHWESTERN FURNITURE OF WISCONSIN, LLC d/b/a ASHLEY FURNITURE (collectively "Defendants") related to Plaintiff's claims in this action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*., ("TCPA").

On _____, 2021, the parties filed a Joint Motion for Preliminary Approval of Settlement and Notice to the Settlement Class (Dkt. No. ____).

On _____, 2021, the Court entered an Order Preliminarily Certifying Settlement Class, Preliminarily Approving Class Action Settlement And Approving Settlement Class

Notice ("Preliminary Approval Order"), approving the form, content, and procedure of Notice to the Settlement Class, and the Court preliminarily and conditionally certified for settlement purposes only, a class defined as:

> All persons throughout the United States to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, without prior express consent during the Class Period, between May 1, 2017 and September 30, 2020 (the "Settlement Class").

> Excluded from the Settlement Class are: (1) all persons to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, purely to consummate a purchase transaction, such as text messages solely sent to set up time for delivery of a purchase; and (2) Defendants and any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants, or any parent, subsidiary or affiliate of Defendants, and the immediate family members of all such persons.

In addition, the Court set a Final Approval Hearing to take place on _____.

On _____, 2021, Plaintiff filed a Motion for Attorney's Fees and Costs (Dkt. No. ___).

On _____, 2021, the Court held a duly noticed Final Approval Hearing to consider: (1) whether to finally certify a Settlement Class for settlement purposes only; (2) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate and should be finally approved; (3) whether the Notice and claim procedures comply with Federal Rule of Civil Procedure 23 and due process (4) what amount to award Class Counsel Attorneys' Fees and Expenses; and (5) whether to enter this Final Approval Order and Judgment, dismissing all claims asserted in this action on the merits and binding the Settlement Class Members to the Releases set forth in the Settlement Agreement ("Final Approval Order").

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement,

including all exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose. Unless otherwise specified, defined terms or capitalized terms in this Final Approval Order have the same meaning as in the Settlement Agreement.

2.      The Settlement Agreement was negotiated at arm's length with the assistance of a well-respected neutral mediator, Bruce Friedman, Esq. of JAMS, by experienced Counsel for the Parties who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.      The Court finds for settlement purposes only that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any

individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II. CERTIFICATION OF SETTLEMENT CLASS

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement and the Preliminary Approval Order as:

> All persons throughout the United States to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, without prior express consent during the Class Period, between May 1, 2017 and September 30, 2020 (the "Settlement Class").

Excluded from the Settlement Class are: (1) all persons to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, purely to consummate a purchase transaction, such as text messages solely sent to set up time for delivery of a purchase; and (2) Defendants and any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants, or any parent, subsidiary or affiliate of Defendants, and the immediate family members of all such persons. Also excluded from the Settlement Class are the individuals identified on Exhibit ▮ to the Joint Motion for Final Approval of Settlement (Dkt. No. ▮) who submitted timely and valid Requests for Exclusion from the Settlement Class. The individuals who have excluded themselves from the Settlement Class are not eligible to claim, receive or use a Settlement Award.

## III. APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

5. The Court finally designates Plaintiff Michael Parker as the Class Representative.

6.     The Court finally appoints Abbas Kazerounian and Mona Amini of Kazerouni Law Group, APC; and Kevin J. Cole of KJC Law Group, APC as Class Counsel for the Settlement Class.

## IV.    NOTICE AND CLAIMS PROCESS

7.     The Court makes the following findings on notice to the Settlement Class:

(a)     The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law. .

(b)     The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

(c)     The Court finds that the Settlement Award claims process and procedures set forth in the Settlement Agreement and the Claim Form attached as Exhibit B thereto are fair, reasonable and adequate to Settlement Class Members.

## V.     FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8.      The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI.     ADMINISTRATION OF THE SETTLEMENT

9.      The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Court appoints Kurtzman Carson Consultants LLC as the third-party Claims Administrator.  The Claims Administrator is directed to provide to those Settlement Class Members who submit valid, timely, and complete Claim Forms reflecting that they meet the criteria established in the Settlement Agreement to be eligible for a Settlement Award, a Settlement Award consisting, at the Settlement Class Member's election, of either (1)  payment by check of $10 for the first text received from Defendants and $7 for the second text received from Defendants, if any (a "Cash Settlement Payment"); or, alternatively, (2) a $25 voucher for the first text received from Defendants and a $15 voucher for the second text from Defendants, if any (a Voucher Award).  The additional term, conditions and limitations on the number of Settlement Awards that may be issued to a Settlement Class Member and on the use and expiration of Settlement Awards set forth in Sections III.5 through III.8 of the Settlement Agreement and in the Notice are hereby approved and incorporated by reference as if fully set forth herein.

10.     The Court hereby approves Class Counsel's request for attorney fees, costs, and expenses, and awards Class Counsel $400,000.00 as reasonable attorneys' fees and costs, inclusive of the award of reasonable costs incurred in this Action. The Court finds that the requested fees are reasonable under the percentage of the fund for the reasons set forth herein. Further, the Court finds the hourly rates of Class Counsel are fair and reasonable. The award of attorneys' fees and costs to Class Counsel shall be paid by Defendants within the time period and manner set forth in the Settlement Agreement.

11.     The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendants' agreement to make significant funds available to Settlement Class Members, subject to submission of valid Claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (3) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and have approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and ____ Settlement Class Member(s) objected.

12.    In addition, the Court has applied the factors articulated in *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), to confirm the reasonableness of fees and costs requested. The court finds and concludes that the following applicable factors support the requested award of attorneys' fees and costs:

a.    *Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. These efforts required work representing Plaintiff and the Settlement Class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

b.    *Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High*

This case involved difficult substantive issues which presented a significant risk of nonpayment, including uncertainty on class certification, contested issues, including whether there was Article III standing, the software and equipment used to send the messages constituted an Automatic Telephone Dialing System in a setting of developing case law and FCC rulings and recovery being dependent on a successful outcome, which was uncertain.

c.    *Class Counsel Achieved an Excellent Result for the Settlement Class*

Class Counsel achieved excellent monetary results for Settlement Class Members. Here, the Settlement required Defendants to make available for the Settlement Class a minimum of approximately $4,179,810.00 in cash (if all 417,981 Settlement Class Members elected to receive by check $10 in cash for just one text message received from Defendants, though this amount would increase if all Settlement Class Members also received $7 in cash for a second text received from Defendants), a minimum of approximately $10,449,725.00 in vouchers (if all 417,981 Settlement Class Members elected to receive a $25 voucher for just one text message received

from Defendants, though this amount would increase if all Settlement Class Members also received $15 voucher for a second text received from Defendants). Thus, the Settlement will produce a per person cash benefit that is well within the range of recoveries established by other court approved TCPA class action settlements. *See, e.g.*, *Spillman v. RPM Pizza, LLC*, No. 3:10-cv-00349; *see also*, *Defranks v. Nastygal.com*, No. 1:19-cv-23028 (S.D. Fla. Sept. 4, 2020).

<blockquote>

d.  <u>The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases</u>

</blockquote>

Many similar TCPA class settlements provide for one third of the fund. *See, e.g. Guarisma v. ADCAHB Medical Coverages, Inc.*, 1:13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015) (awarding one-third plus costs). Common-fund attorney fee awards of one-third are "consistent with the trend in this Circuit." *Reyes v. AT&T Mobility Servs., LLC*, No. 10-20837-CIV, [DE 196], at 6. Here, Class Counsel is consistent with similar cases. This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engage in complex litigation involving consumer issues, and all have been class counsel in numerous consumer class action cases, including cases brought under the TCPA.

<blockquote>

e.  <u>This Case Required a High Level of Skill</u>

</blockquote>

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite complex litigation against a sophisticated and well-financed defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001).

## VII.    RELEASE OF CLAIMS

13.    Upon entry of this Final Approval Order, all members of the Settlement Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement

shall, by operation of this Final Approval Order, be bound by the terms of the Settlement Agreement and this Order, and have fully, finally and forever released, relinquished and discharged Defendants and the Released Parties from the Released Claims as set forth in the Settlement Agreement and also set forth below..

14.     Furthermore, all members of the Settlement Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any of the Released Claims as against any of the Released Parties, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

15.     The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

16.     The Releases, which are set forth in the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Parties (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a)     Releases.  The Releasing Parties (as defined in Section III.12 of the Settlement Agreement)   FULLY, FINALLY, AND FOREVER SETTLE, RELEASE, AND FOREVER DISCHARGE the Released Parties (as defined in Section III.12.a of the Settlement Agreement) from the Released Claims (as defined in Section III.12.b of the Settlement Agreement), and are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever.  The provisions of any state, federal, municipal, local, or territorial law or statute providing in substance that releases shall not extend to claims, facts, demands, injuries, or damages that are unknown or unsuspected to exist at the time this Agreement is executed and approved by the trial court, are deemed expressly, knowingly, and voluntarily waived by the Class Representative and each and every Settlement Class Member. In addition, to the extent applicable, the Settlement Class Members waive the application of Section 1542 of the California Civil Code, which provides that: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR" or any similar provision in any state or federal law.

(b)     Released Parties.  Released Parties means Stoneledge Furniture, LLC, Southwestern Furniture of Wisconsin, LLC d/b/a Ashley Furniture, and Ashley Furniture Industries, LLC., along with each of their respective past or present directors, officers, employees, partners, principals, agents, underwriters, issuers, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, any entities in which any of Released Parties have or have had a controlling interest or that have controlled any of Released Parties at any time, accountants, auditors, banks or investment bankers, personal or legal representatives,

predecessors, successors, parents, subsidiaries, affiliates, licensees, divisions, joint ventures, joint venturers, assigns, associates, and/or any other related or affiliated entities.

(c)    <u>Released Claims</u>.  Released Claims means any and all claims or causes of action of any nature whatsoever, arising out of, based upon or in any way relating to the transmittal of (either directly or through another), any requests to transmit, any attempt to transmit (either directly or through another), and/or the receipt of or content of, any text messages during the Class Period, sent by Defendants to Settlement Class Members, including but not limited to any and all claims for violations of federal, state, or other law (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims, including but not limited to, all claims pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"), and any state consumer protection statute that would give rise to claims for the transmission or content of these text messages, and also including "Unknown Claims" (as defined in Section III.12.d of the Settlement Agreement, which is incorporated as if fully set forth herein), that have been or could have been asserted against the Released Parties by the Releasing Parties arising from the allegedly unsolicited text messages at issue in the Lawsuit, or in any other complaint, action, or litigation in any other court or forum.

(d)    <u>Unknown Claims</u>.  Unknown Claims means any and all facts, claims and/or Released Claims that the Class Representative and/or any Settlement Class Member does not know or even suspect to exist against any of the Released Parties which, if known, might have affected his or her decision regarding the settlement of the Lawsuit.  The Class Representative and Settlement Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of

this release, but nevertheless expressly accept and assume the risk of such possible discovery, and fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, may hereafter exist, or heretofore have existed based upon actions or conduct occurring on or before the date of this Agreement, without regard to any subsequent discovery or existence of such different or additional facts concerning each of the Released Parties.

(e)     Upon the Effective Date, Released Parties shall have no further liability for Released Claims or under the Settlement Agreement or this Final Approval Order (except to honor, consistent with the terms and limitations set forth in the Settlement Agreement and/or herein, the Cash Settlement Payments and/or Voucher Awards validly claimed by Class Claimants within the Claim Period) and shall not be liable to the Class Representative, the Settlement Class, any Settlement Class Member or Class Claimant, or any of Releasing Parties, for any amounts beyond the Cash Settlement Payments and/or Voucher Awards validly claimed by Class Claimants within the Claim Period; and any portion of the cash payments and/or vouchers not validly claimed as Cash Settlement Payments and/or Voucher Awards or otherwise paid pursuant to this Agreement shall remain the sole and exclusive property of Defendants. In no event shall any Settlement Class member be entitled to receive any payment, voucher, credit, or other amount from any of Released Parties beyond a Cash Settlement Payment and/or Voucher Award awarded in accordance herewith, and Released Parties shall have no responsibility or liability for the withholding of, or payment of, any taxes or amounts that may be owed as taxes, federal, state, or otherwise, by any Class Claimant as a result of accepting any Cash Settlement Payments and/or Voucher Awards hereunder; any and all such

tax liabilities and/or obligations, if any, shall be the sole and exclusive responsibility of each Class Claimant.

17.     The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submitted a Request for Exclusion from the Settlement in accordance with the requirements of the Settlement Agreement.

18.     The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

19.     The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

20.     The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

21.     Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii)

filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII.  NO ADMISSION OF LIABILITY

22.  Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a)  offered by any person or received against Defendants or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendants or any Released Party;

(b)  offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendants or any Released Party; or

(c)  offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX.  OTHER PROVISIONS

23.     This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

24.     Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

25.     In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered (including as to the preliminary and/or final certification of the Settlement Class) and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.   Further, in that event, neither the Settlement, nor the fact that an agreement to settle this action was reached, nor the settlement terms, nor the Court's Orders, including this Order, shall be admissible against any Settling Party, in this or any other action, for any purpose whatsoever, including, without limitation, for the purpose of arguing or suggesting that a class can or appropriately would be certified.

26.     This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class

Members, without fees or costs to any party except as otherwise provided herein. Finding that there is no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment pursuant to Fed. R. Civ. P. 54.

**DONE AND ORDERED** at Tampa, Florida on _____, 2021.


_____
Hon. Charlene Edwards Honeywell
United States District Judge