UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MICHAEL PARKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STONELEDGE FURNITURE, LLC and SOUTHWESTERN FURNITURE OF WISCONSIN, LLC d/b/a ASHLEY FURNITURE,<br><br>Defendants. | Case No. 8:21-cv-00740-CEH-AEP |

### ORDER PRELIMINARILY CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND APPROVING SETTLEMENT CLASS NOTICE

This matter comes before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Settlement Class Notice (Doc. 26). A hearing on the motion was held February 11, 2022. Having considered the settlement, all papers and proceedings held herein, and having reviewed the record in this action, the Court finds as follows:

On September 21, 2021, the parties notified the Court a settlement had been reached between Plaintiff MICHAEL PARKER ("Mr. Parker," or "Plaintiff"), individually and on behalf of all others similarly situated, and Defendants STONELEDGE FURNITURE, LLC and SOUTHWESTERN FURNITURE OF

1

WISCONSIN, LLC d/b/a ASHLEY FURNITURE (collectively "Defendants") related to Plaintiff's claims in this action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, ("TCPA").

On February 2, 2022, Plaintiff filed an Unopposed Motion for Preliminary Approval of Settlement and Notice to the Settlement Class (Doc. 26). In accordance with the parties' motion, the Court preliminarily and conditionally certifies for settlement purposes only, a class defined as:

> All persons throughout the United States to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, without prior express consent during the Class Period, between May 1, 2017 and September 30, 2020 (the "Settlement Class").
>
> Excluded from the Settlement Class are: (1) all persons to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, purely to consummate a purchase transaction, such as text messages solely sent to set up time for delivery of a purchase; and (2) Defendants and any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants, or any parent, subsidiary or affiliate of Defendants, and the immediate family members of all such persons.

For settlement purposes only, the Court preliminarily finds that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are satisfied in that: (1) the proposed Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the proposed Settlement Class; (3) Plaintiff's claims are typical of the claims of the proposed Settlement Class; (4) Plaintiff will fairly and adequately protect the interests of the

proposed Settlement Class; (5) the questions of law or fact common to proposed Settlement Class members predominate over any questions affecting only individual members; and (6) certifying the Settlement class is superior to other available methods for the fair and efficient adjudication of the controversy.

Federal Rule of Civil Procedure 23(e) provides the "claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23. "In determining whether to approve a proposed settlement, the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable..." *In re: Corrugated Container Antitrust Litigation*, 643 F.2d 195, 206 (5th Cir. 1981) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977));[1] *see also* Fed. R. Civ. P. 23(e)(2).

Public policy highly favors resolution of cases through settlement. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982); *Cotton*, 559 F.2d at 1331. And settlements "will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 428 (5th Cir. 1977) (citation omitted). The public policy favoring settlement agreements is particularly strong in complex class action litigation where voluntary pretrial settlements obviate the need for expensive and time-consuming litigation. *See Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1164 (5th Cir. 1985). Absent fraud or

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

collusion, trial courts should be hesitant to substitute their own judgment for the judgment of counsel in arriving at a settlement. *Cotton*, 559 F.2d at 1330.

The Eleventh Circuit Court of Appeals uses a six-factor test for assessing the fairness, reasonableness, and adequacy of a class settlement. The factors are: (a) whether the settlement was a product of fraud or collusion; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the proceedings and the amount of discovery completed; (d) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (e) the possible range of recovery and the certainty of damages; and (f) the respective opinions of the participants, including class counsel, class representatives, and absent class members. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (citations omitted).

Based on a review of the record, the manner of negotiation, and the settlement agreement, the Court finds no evidence indicating that the settlement falls outside the requirements of the Eleventh Circuit's test articulated above, and finds the settlement terms to be fair, adequate, and reasonable. The Court also finds no evidence of any fraud or collusion with respect to the parties' settlement. Specifically, the settlement was obtained after an arm's length negotiation with an experienced and well-respected mediator, Mr. Bruce Friedman, Esq. with JAMS.

The Court finds the settlement avoids prolonged litigation and provides the Settlement Class with an opportunity for the benefits of a class-wide settlement in the present rather than an uncertain outcome in the future.

The Court finds each side possessed "ample information with which to evaluate the merits of the competing positions." *Ayers v. Thompson*, 358 F.3d 356, 369 (5th Cir. 2004). As such, the parties' negotiations, and in turn the settlement, were based on realistic, independent assessments of the merits of the claims and defenses in this case.

Under the terms of the Settlement Agreement submitted by the parties, including Sections III.5 through III.8, thereof, each Settlement Class Member who submits a valid Claim Form in accordance with the requirements of the Settlement Agreement reflecting that he or she meets the criteria established in Section III.6 of the Settlement Agreement, shall receive a Settlement Award, consisting, at the Settlement Class Member's election, of either: (1) payment by check of $10 for the first text received from Defendants and $7 for the second text received from Defendants, if any (a "Cash Settlement Payment"); or, alternatively, (2) a $25 voucher for the first text received from Defendants and a $15 voucher for the second text from Defendants, if any (a "Voucher Award"). Additional terms, conditions and limitations on the number of Settlement Awards that may be issued to a Settlement Class Member and on the use and expiration of Settlement Awards are set forth in Sections III.5 through III.8 of the Settlement Agreement and in the Notice. The Court preliminarily finds the settlement terms to be sufficiently fair and adequate in the context of the litigation, bringing finality, certainty, and relief to the Settlement Class, so as to warrant providing Notice to the preliminarily certified Settlement Class.

The Court confirms that Plaintiff Michael Parker is appointed as the Class Representative. Given the recent decision from the Eleventh Circuit Court of Appeals, *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020), no service award will be approved for the class representative.

The Court appoints the following attorneys and firms as Class Counsel: Abbas Kazerounian and Mona Amini of Kazerouni Law Group, APC; and Kevin J. Cole of KJC Law Group, APC.

The Court preliminarily appoints Kurtzman Carson Consultants LLC as the third-party Claims Administrator.

Based on the parties' good faith basis for the settlement, set forth in the Amended Joint Motion for Preliminary Approval, the Court finds that the Settlement Agreement should be approved preliminarily.

Similarly, the Court preliminarily finds that the Notice of Proposed Class Action Settlement, in the forms set forth in Exhibit C to the Settlement Agreement, ("Notice") meets the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and comports with due process by clearly notifying class members of their rights, as well as a reasonable timeframe within which to exercise those rights. Thus, the Court approves the proposed notice plan and procedures set forth in Section III.9 of the Settlement Agreement and the language of the Notice proposed by the parties. Further, the Court preliminarily finds that the claim procedures set forth in Sections III.7 through III.8 of the Settlement Agreement and the form of the Claim Form set forth in Exhibit B to the Settlement Agreement are fair, reasonable and adequate.

These preliminary findings do not prejudice the rights of any Settlement Class Member to object to the Notice or claim procedures at the Final Approval Hearing.

The Court further approves the procedures and requirements for Settlement Class Members to participate in, exclude themselves from (i.e., opt out of), or object to the Settlement, as set forth in Sections III.10 and III.20 of the Settlement Agreement and as further described in the Notice. Any Settlement Class Member who does not submit a timely and valid written request for exclusion from the Settlement Class: (i) waives the right to do so in the future; (ii) will be bound by all proceedings, orders and judgments in this action, including the terms of the Settlement and; (iii) upon entry of a Final Approval Order will be bound by the releases of all Released Claims as against all Released Parties, as defined in Section III.12 of the Settlement Agreement, and be barred and enjoined from asserting any of the Released Claims against any Released Parties. Any Settlement Class Member who does not submit a timely and valid objection in accordance with this Order will be deemed to have waived the right to object and be barred from raising their objections to the Settlement or Final Approval Order in this or any other proceeding, including in an appeal.

Finally, the Court sets this case for hearing for final approval of the settlement ("Final Approval Hearing") on **June 17, 2022 at 11:00 AM**, at Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, FL 33602, Courtroom 13A. The parties are directed to include this hearing date, time and location in the Notice to be sent pursuant to the notice plan. The Court may continue or reschedule the Final Approval Hearing without further notice to the Settlement Class. At that

7

hearing, the Court will consider and/or determine, among other things: (i) whether to finally certify a Settlement Class for settlement purposes only; (ii) whether the Settlement should be finally approved as fair, reasonable, and adequate; (iii) whether the Notice and claim procedures comply with Federal Rule of Civil Procedure 23 and due process; (iv) the amount of attorneys' fees and costs to be awarded to Class Counsel; and (v) whether the Final Approval Order approving the Settlement, dismissing all claims asserted in this action on the merits and binding the Settlement Class Members to the Releases set forth in the Settlement Agreement should be entered.

Pursuant to Sections III.22 and III.25 of the Settlement Agreement, if the Settlement does not obtain final approval from this Court, or is otherwise terminated on one of the grounds set forth in Section III.22 of the Settlement Agreement, then the Settlement Agreement shall be null and void and of no further force and effect, this preliminary approval Order (including as to the preliminary and conditional certification of the Settlement Class) shall be vacated *ab initio*, and the Settling Parties' rights and defenses shall be restored to their respective positions as if the Settlement Agreement had never been executed and as if this preliminary approval Order had never been entered and the Settlement Class had never been certified, without prejudice or relevance to the Court's consideration on the merits of any arguments for or against a properly submitted motion for class certification. Further, in that event, in accordance with Sections III.22 and III.25 of the Settlement Agreement, neither the Settlement, nor the fact that an agreement to settle this action was reached, nor the

settlement terms, nor this preliminary approval Order, shall be admissible against any Settling Party, in this or any other action, for any purpose whatsoever, including, without limitation, for the purpose of arguing or suggesting that a class can or appropriately would be certified.

Pending the Final Approval Hearing, all discovery, pretrial and other proceedings in this action are stayed, except for proceedings necessary to carry out or enforce the terms of the Settlement and/or this Order, including the confirmatory discovery specified in Section III.15 of the Settlement Agreement.

Unless otherwise specified, defined terms or capitalized terms in this Order have the same meaning as in the Settlement Agreement.

If any deadline set by this Order falls on a non-business day, then the deadline is extended until the next business day. Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Settlement Class Notice (Doc. 26) is **GRANTED**.

2. The Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date |
|---|---|
| Deadline for Settlement Administrator to disseminate Notice and set up Settlement Website ("Notice Date") | April 4, 2022 |
| Deadline For Filing A Claim | May 18, 2022 |

| Event | Date |
|---|---|
| Deadline For Objections | May 18, 2022 |
| Deadline For Opt Outs (Exclusion Requests) | May 18, 2022 |
| Deadline for Motion for Attorney's Fees and Costs | May 6, 2022 |
| Deadline for Motion for Final Approval | May 6, 2022 |
| Deadline for Settlement Class Members to file and serve Notice of Intent to Appear | June 7, 2022 |
| Final Approval/Fairness Hearing | June 17, 2022 |

**DONE AND ORDERED** at Tampa, Florida on February 17, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any