# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL PARKER, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

STONELEDGE FURNITURE, LLC and SOUTHWESTERN FURNITURE OF WISCONSIN, LLC d/b/a ASHLEY FURNITURE,

    Defendants.

Case No. 8:21-cv-00740-CEH-AEP

## ORDER GRANTING FINAL APPROVAL AND JUDGMENT

This matter comes before the Court on the parties' Unopposed Motion for Final Approval of Settlement (Doc. 31). The court heard argument on the motion on June 17, 2022. Having considered the motion, heard argument of counsel, and being otherwise advised in the premises, the Court will grant the motion and finds as follows:

On September 21, 2021, the parties notified the Court a settlement had been reached between Plaintiff Michael Parker ("Plaintiff"), individually and on behalf of all others similarly situated, and Defendants Stoneledge Furniture, LLC and Southwestern Furniture of Wisconsin, LLC d/b/a Ashley Furniture (collectively

"Defendants") related to Plaintiff's claims in this action under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*, ("TCPA").

On February 2, 2022, Plaintiff filed an Unopposed Motion for Preliminary Approval of Settlement and Notice to the Settlement Class (Doc. 26).

On February 17, 2022, the Court entered an Order Preliminarily Certifying Settlement Class, Preliminarily Approving Class Action Settlement and Approving Settlement Class Notice ("Preliminary Approval Order") (Doc. 29), approving the form, content, and procedure of Notice to the Settlement Class, and the Court preliminarily and conditionally certified for settlement purposes only, a class defined as:

> All persons throughout the United States to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, without prior express consent during the Class Period, between May 1, 2017 and September 30, 2020 (the "Settlement Class").

> Excluded from the Settlement Class are: (1) all persons to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, purely to consummate a purchase transaction, such as text messages solely sent to set up time for delivery of a purchase; and (2) Defendants and any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants, or any parent, subsidiary or affiliate of Defendants, and the immediate family members of all such persons.

In addition, the Court set a Final Approval Hearing to take place on June 17, 2022.

On May 6, 2022, Plaintiff filed a Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees and Costs (Doc. 31).

On June 17 2022, the Court held a duly noticed Final Approval Hearing to consider: (1) whether to finally certify a Settlement Class for settlement purposes only; (2) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate and should be finally approved; (3) whether the Notice and claim procedures comply with Federal Rule of Civil Procedure 23 and due process; (4) what amount to award Class Counsel Attorneys' Fees and Expenses; and (5) whether to enter this Final Approval Order and Judgment, dismissing all claims asserted in this action on the merits and binding the Settlement Class Members to the Releases set forth in the Settlement Agreement ("Final Approval Order").

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The parties' Unopposed Motion for Final Approval of Settlement (Doc. 31) is **GRANTED**.

2. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose for a period of one (1) year from the date of this Order.  Unless otherwise specified, defined terms or capitalized terms in this Final Approval Order have the same meaning as in the Settlement Agreement.

3. The Settlement Agreement was negotiated at arm's length with the assistance of a well-respected neutral mediator, Bruce Friedman, Esq. of JAMS, by experienced Counsel for the Parties who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

4. The Court finds for settlement purposes only that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## I. CERTIFICATION OF SETTLEMENT CLASS

5. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement and the Preliminary Approval Order as:

> All persons throughout the United States to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, without prior express consent during the Class Period, between May 1, 2017 and September 30, 2020 (the "Settlement Class").

Excluded from the Settlement Class are: (1) all persons to whom Defendants and/or their agent(s) sent, or caused to be sent, a text message, directed to a number assigned to a cellular telephone service, utilizing an automatic telephone dialing system, purely to consummate a purchase transaction, such as text messages solely sent to set up time for delivery of a purchase; and (2) Defendants and any parent, subsidiary, affiliate or controlled person of Defendants, as well as the officers, directors, agents, servants or employees of Defendants, or any parent, subsidiary or affiliate of Defendants, and the immediate family members of all such persons. Also excluded from the Settlement Class are the three (3) individuals identified on "Exhibit E" attached to the Declaration of Alex Thomas re: Notice Procedures (Doc. 31-2) filed concurrently with Plaintiff's Unopposed Motion for Final Approval of Settlement (Doc. 31) who submitted timely and valid Requests for Exclusion from the Settlement Class. The individuals who have excluded themselves from the Settlement Class are not eligible to claim, receive or use a Settlement Award.

## II. APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

6. The Court finally designates Plaintiff Michael Parker as the Class Representative.

7. The Court finally appoints Abbas Kazerounian and Mona Amini of Kazerouni Law Group, APC; and Kevin J. Cole of KJC Law Group, APC as Class Counsel for the Settlement Class.

## III. NOTICE AND CLAIMS PROCESS

8. The Court makes the following findings on notice to the Settlement Class:

(a) The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)     The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

(c)     The Court finds that the Settlement Award claims process and procedures set forth in the Settlement Agreement and the Claim Form attached as Exhibit B thereto are fair, reasonable, and adequate to Settlement Class Members.

## IV.     FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

9.     The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## V.     ADMINISTRATION OF THE SETTLEMENT

10.     The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Court appoints Kurtzman Carson Consultants LLC as the third-party Claims Administrator. The Claims Administrator is directed to provide to those Settlement Class Members who submit

valid, timely, and complete Claim Forms reflecting that they meet the criteria established in the Settlement Agreement to be eligible for a Settlement Award, a Settlement Award consisting, at the Settlement Class Member's election, of either (1) payment by check of $10 for the first text received from Defendants and $7 for the second text received from Defendants, if any (a "Cash Settlement Payment"); or, alternatively, (2) a $25 voucher for the first text received from Defendants and a $15 voucher for the second text from Defendants, if any (a "Voucher Award"). Any Settlement Class Member who has not indicated their preferred form of Settlement Award will by default receive the minimum Cash Settlement Payment or the Cash Settlement Payment corresponding with the number of texts claimed on the Settlement Class Member's Claim Form (*i.e.,* $10 for one text claimed received from Defendants or a total of $17 for two or more texts claimed received from Defendants). The additional terms, conditions and limitations on the number of Settlement Awards that may be issued to a Settlement Class Member and on the use and expiration of Settlement Awards set forth in Sections III.5 through III.8 of the Settlement Agreement and in the Notice are hereby approved and incorporated by reference as if fully set forth herein.

11. The Court hereby approves Class Counsel's request for attorney fees, costs, and expenses, and awards Class Counsel $400,000.00 as reasonable attorneys' fees and costs incurred in this Action. The Court finds that the requested fees are reasonable under the percentage of the fund for the reasons set forth herein. Further, the Court finds the hourly rates of Class Counsel are fair and reasonable. The award

of attorneys' fees and costs to Class Counsel shall be paid by Defendants within the time period and manner set forth in the Settlement Agreement.

12. The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendants' agreement to make significant funds available to Settlement Class Members, subject to submission of valid Claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and have approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and zero (0) Settlement Class Member(s) objected.

13. In addition, the Court has applied the factors articulated in *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), to confirm the reasonableness of fees and costs requested. The court finds and concludes that the following applicable factors support the requested award of attorneys' fees and costs:

   a. *Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. These efforts required work representing Plaintiff and the Settlement Class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

   b. *Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High*

This case involved difficult substantive issues which presented a significant risk of nonpayment, including uncertainty on class certification, contested issues, including whether there was Article III standing, the software and equipment used to send the messages constituted an Automatic Telephone Dialing System in a setting of developing case law and FCC rulings and recovery being dependent on a successful outcome, which was uncertain.

   c. *Class Counsel Achieved an Excellent Result for the Settlement Class*

Class Counsel achieved excellent monetary results for Settlement Class Members. Here, the Settlement required Defendants to make available for the Settlement Class a minimum of approximately $4,179,810.00 in cash (if all 417,981 Settlement Class Members elected to receive by check $10 in cash for just one text

message received from Defendants, though this amount would increase if all Settlement Class Members also received $7 in cash for a second text received from Defendants), a minimum of approximately $10,449,725.00 in vouchers (if all 417,981 Settlement Class Members elected to receive a $25 voucher for just one text message received from Defendants, though this amount would increase if all Settlement Class Members also received $15 voucher for a second text received from Defendants). Thus, the Settlement will produce a per person cash benefit that is well within the range of recoveries established by other court approved TCPA class action settlements. *See, e.g.*, *Spillman v. RPM Pizza, LLC*, 2013 WL 2286076 (M.D. La. May 23, 2013); *see also*, *Defranks v. Nastygal.com*, No. 1:19-cv-23028 (S.D. Fla. Sept. 4, 2020).

        d.  <u>The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases</u>

Many similar TCPA class settlements provide for one third of the fund. *See, e.g., Guarisma v. ADCAHB Medical Coverages, Inc.*, 1:13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015) (awarding one-third plus costs). Common-fund attorney fee awards of one-third are "consistent with the trend in this Circuit." *Reyes v. AT&T Mobility Servs., LLC*, No. 10-20837-CIV, [DE 196] at 6. Here, Class Counsel's requested fee is consistent with similar cases. This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engage in complex litigation involving consumer issues, and all have been class counsel in numerous consumer class action cases, including cases brought under the TCPA.

     e. *This Case Required a High Level of Skill*

  Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite complex litigation against a sophisticated and well-financed defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001).

**VI. RELEASE OF CLAIMS**

  14. Upon entry of this Final Approval Order, all members of the Settlement Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, be bound by the terms of the Settlement Agreement and this Order, and have fully, finally and forever released, relinquished and discharged Defendants and the Released Parties from the Released Claims as set forth in the Settlement Agreement and also set forth below.

  15. Furthermore, all members of the Settlement Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any of the Released Claims as against any of the Released Parties, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action

and/or as a result of or in addition to those provided by the Settlement Agreement.

16. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17. The Releases, which are set forth in the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Parties (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a) <u>Releases</u>. The Releasing Parties (as defined in Section III.12 of the Settlement Agreement) fully, finally, and forever settle, release, and forever discharge the Released Parties (as defined in Section III.12.a of the Settlement Agreement) from the Released Claims (as defined in Section III.12.b of the Settlement Agreement) and are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever.

(b) <u>Released Parties.</u> Released Parties means Stoneledge Furniture, LLC, Southwestern Furniture of Wisconsin, LLC d/b/a Ashley Furniture, and Ashley Furniture Industries, LLC., along with each of their respective past or

present directors, officers, employees, partners, principals, agents, underwriters, issuers, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, any entities in which any of Released Parties have or have had a controlling interest or that have controlled any of Released Parties at any time, accountants, auditors, banks or investment bankers, personal or legal representatives, predecessors, successors, parents, subsidiaries, affiliates, licensees, divisions, joint ventures, joint venturers, assigns, associates, and/or any other related or affiliated entities.

        (c)    <u>Released Claims</u>.  Released Claims means any and all claims or causes of action of any nature whatsoever, arising out of, based upon or in any way relating to the transmittal of (either directly or through another), any requests to transmit, any attempt to transmit (either directly or through another), and/or the receipt of or content of, any text messages during the Class Period, sent by Defendants to Settlement Class Members, including but not limited to any and all claims for violations of federal, state, or other law—whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims, including but not limited to, all claims pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"), and any state consumer protection statute that would give rise to claims for the transmission or content of these text messages, and also including "Unknown Claims" (as defined in Section III.12.d of the Settlement Agreement, which is incorporated as if fully set forth herein), that have been or could have been asserted against the Released Parties by the Releasing Parties arising from the allegedly unsolicited text messages at issue in

the Lawsuit, or in any other complaint, action, or litigation in any other court or forum.

        (d)    Upon the Effective Date, Released Parties shall have no further liability for Released Claims or under the Settlement Agreement or this Final Approval Order (except to honor, consistent with the terms and limitations set forth in the Settlement Agreement and/or herein, the Cash Settlement Payments and/or Voucher Awards validly claimed by Class Claimants within the Claim Period) and shall not be liable to the Class Representative, the Settlement Class, any Settlement Class Member or Class Claimant, or any of Releasing Parties, for any amounts beyond the Cash Settlement Payments and/or Voucher Awards validly claimed by Class Claimants within the Claim Period; and any portion of the cash payments and/or vouchers not validly claimed as Cash Settlement Payments and/or Voucher Awards or otherwise paid pursuant to this Agreement shall remain the sole and exclusive property of Defendants.  In no event shall any Settlement Class member be entitled to receive any payment, voucher, credit, or other amount from any of Released Parties beyond a Cash Settlement Payment and/or Voucher Award awarded in accordance herewith, and Released Parties shall have no responsibility or liability for the withholding of, or payment of, any taxes or amounts that may be owed as taxes, federal, state, or otherwise, by any Class Claimant as a result of accepting any Cash Settlement Payments and/or Voucher Awards hereunder; any and all such tax liabilities and/or obligations, if any, shall be the sole and exclusive responsibility of each Class Claimant.

18. The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submitted a Request for Exclusion from the Settlement in accordance with the requirements of the Settlement Agreement.

19. The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement for a period of one (1) year from the date of this Order.

20. The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

21. The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including express warranties and covenants contained therein.

22. Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in

any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VII. NO ADMISSION OF LIABILITY

23. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Defendants or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendants or any Released Party;

  (b) offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendants or any Released Party; or

  (c) offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## VIII. OTHER PROVISIONS

24. This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion, issue preclusion, similar defense, or counterclaim.

25. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

26. In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered (including as to the preliminary and/or final certification of the Settlement Class) and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement

Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.  Further, in that event, neither the Settlement, nor the fact that an agreement to settle this action was reached, nor the settlement terms, nor the Court's Orders, including this Order, shall be admissible against any Settling Party, in this or any other action, for any purpose whatsoever, including, without limitation, for the purpose of arguing or suggesting that a class can or appropriately would be certified.

27. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

28. Finding that there is no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment pursuant to Fed. R. Civ. P. 54.

29. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on July 6, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any